PAAC, as a Commission and Individually, et al., Plaintiffs,

v.

Frank L. RIZZO, Mayor of the City of Philadelphia and as an individual, et al., Defendants.

CITY OF PHILADELPHIA, Plaintiff,

v.

Melvin L. HARDY and Isaiah Crippins, Defendants.

Civ. A. Nos. 73–957, 73–990.

United States District Court, E. D. Pennsylvania.

Aug. 16, 1973.

Isaiah W. Crippins, Philadelphia, Pa., for plaintiffs in 73–957 and defendants in 73–990.

Martin Weinberg, City Sol., City of Philadelphia, James M. Penny, Jr., and John Mattioni, Philadelphia, Pa., for defendants in 73–957 and plaintiffs in 73–990.

## MEMORANDUM OPINION AND ORDER

BRODERICK, District Judge.

On May 10, 1973 this Court held a hearing on the request of Philadelphia Anti-Poverty Action Committee (PAAC), Melvin L. Hardy and Isaiah W. Crippins, plaintiffs in Civil Action No. 73–957 for injunctive relief against the Mayor of Philadelphia and others. Consolidated with it is Civil Action No. 73–990, a counter action by the City of Philadelphia against Melvin L. Hardy and Isaiah W. Crippins, a suit removed from the Court of Common Pleas of Philadelphia County. The issue presented in both actions is whether Frank L. Rizzo, the Mayor of Philadelphia, had the power to remove Melvin L. Hardy as the Executive Director of PAAC and the power to refuse to renew the contract of Isaiah W. Crippins as the General Counsel of PAAC.

Civil Action No. 73–957 was filed in this Court on April 27, 1973 by plaintiffs, Melvin L. Hardy, Isaiah W. Crippins and PAAC, requesting, *inter alia,* preliminary and permanent injunctions to prevent the Mayor of Philadelphia and other defendants from interfering with the operation of PAAC, recognized by the Office of Economic Opportunity (OEO) and the City of Philadelphia as the local arm in the war against poverty. The City of Philadelphia instituted an action on May 1, 1973 in the Court of Common Pleas of Philadelphia County and obtained temporary injunctive relief barring, *inter alia,* Melvin L. Hardy and Isaiah W. Crippins from exercising the powers of the office of Executive Director of PAAC and General Counsel of PAAC respectively. For the purpose of this discussion, we shall refer to PAAC, Melvin L. Hardy and Isaiah W. Crippins as the plaintiffs and to Mayor Rizzo and the City of Philadelphia, et al. as the defendants. On May 2, 1973, the plaintiffs amended their original complaint to include as defendants The Honorable Ned L. Hirsh, Judge of the Court of Common Pleas, and Martin Weinberg, the City Solicitor of Philadelphia, and requested this Court to enjoin the State Court proceeding. On May 2, 1973 this Court consolidated the trial on the merits with the hearing for a preliminary injunction and set May 10, 1973 as the date for the hearing. On May 3, 1973 Melvin L. Hardy and Isaiah W. Crippins, defendants in the State Court proceeding, removed the action filed by the City of Philadelphia from the Court of Common Pleas to this Court, pursuant to 28 U.S.C. § 1441. Subsequently, the City Solicitor filed a motion to dismiss on behalf of the defendants in Civil Action No. 73–957 and a motion to remand Civil Action No. 73–990 to the Court of Common Pleas of Philadelphia County. This Court, having consolidated the ac-

tions, on May 10, 1973 held a hearing on the merits of the controversies.

Plaintiffs claim that the defendants have usurped the authority of PAAC by attempting to remove Melvin L. Hardy as Executive Director and by refusing to approve the renewal of the contract of Isaiah W. Crippins as General Counsel of PAAC, and allege that such actions are contrary to the Economic Opportunity Act of 1964, 42 U.S.C. § 2791, as amended, and the guidelines and regulations promulgated pursuant thereto. Plaintiffs contend that under OEO regulations and guidelines the Community Action Council Board has the power to hire and fire the Executive Director and that the language of the City Ordinance authorizing the Mayor to select an Executive Director is not determinative of that issue. Plaintiffs also allege that under OEO regulations and guidelines PAAC is an autonomous non-profit agency designated by the City of Philadelphia for the purpose of participation in OEO funding pursuant to 42 U.S.C. § 2791(a) and that PAAC and not the Mayor of Philadelphia has the power to hire and fire the Executive Director and the General Counsel, pursuant to 42 U. S.C. § 2791(e). Defendants contend that PAAC was created by City Council as an agency of the City pursuant to 42 U.S.C. § 2791(a) and that the power to appoint both General Counsel and the Executive Director is vested in the Mayor. The defendants claim that the Executive Director and General Counsel serve at the pleasure of the appointing power, the Mayor.

## JURISDICTION

Plaintiffs allege that this Court has jurisdiction under 5 U.S.C. §§ 701–706, 28 U.S.C. §§ 1331, 1361, 2201–02 and 42 U.S.C. §§ 1983, 2781 et seq. The Defendants contend that we lack jurisdiction over the subject matter of this suit. The basis of plaintiffs' contention that federal jurisdiction exists under 28 U.S.C. § 1331(a) is that their claim arises under 42 U.S.C. § 1983 and 42 U.S.C. § 2781 et seq. and that the construction of a federal statute, 42 U.S.C. § 2791, is involved in that 42 U.S.C. § 2791 and the regulations and guidelines issued pursuant thereto grant exclusively to PAAC the power to hire and fire the Executive Director and General Counsel and that the defendants have deprived the plaintiffs of rights secured by the OEO Act.

A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205 (1950). Plaintiffs' right to sue must be founded directly upon a federal law. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). A case arises under a federal law if rights claimed by one party may be defeated by one construction of the statute and sustained by the opposite construction. *Gully, supra,* at 112, 57 S.Ct. 96.

The very issue in this case is whether under 42 U.S.C. § 2791 and the OEO guidelines promulgated pursuant thereto, the Mayor of the City of Philadelphia has the power to fire the Executive Director of PAAC and the power to refuse to renew the contract of the General Counsel. PAAC was organized for the purposes of qualifying as a grantee community action agency of the OEO under 42 U.S.C. § 2781. To insure federal supervision and uniformity, OEO adopted guidelines. PAAC must comply with the guidelines promulgated by OEO. In the event of any conflict between the policies and practices of PAAC and OEO practices or federal legislation, PAAC must yield; and since there is no question that the matter in controversy exceeds the value of $10,000, we find that there is federal jurisdiction in the instant controversy. Hines v. Cenla Community Action Committee, Inc., 474 F.2d 1052 (5th Cir. 1973)

(Wisdom, J., dissenting). See also the opinion of Honorable Edward Becker in Comprehensive Group Health Services et al. v. Temple University of Commonwealth, System of Higher Ed., 363 F. Supp. 1069 (1973). Hence, we find it unnecessary to consider the remaining jurisdictional allegations of the complaint.

## FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES

■ The defendants contend that the plaintiffs have failed to exhaust their administrative remedies before OEO and that the proceeding is, therefore, not ripe for judicial intervention. The principle of exhaustion of administrative remedies does not, however, have any application to the situation before us. Plaintiffs do not seek review of an administrative decision, nor can they obtain an administrative ruling since OEO has no administrative procedures to review issues such as those presented herein. See Rosado v. Wyman, 397 U.S. 397, 406, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). See also the opinion of Honorable Edward Becker in Comprehensive Group Health Services et al. v. Temple University of Commonwealth, System of Higher Ed., *supra.*

## STANDING TO SUE

■ The Court finds that the plaintiffs have standing to press the claim that the defendants have failed to act in accordance with law in firing Mr. Hardy as the Executive Director of PAAC and in refusing to renew the contract of Mr. Crippins as General Counsel. As the previous Executive Director and General Counsel of PAAC, Mr. Hardy and Mr. Crippins are at least arguably within the zone of interests to be protected and have a personal stake and interest that impart the concrete adverseness required by Article III. Association of Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970).[1]

## DISTINCTION BETWEEN A "COMMUNITY ACTION AGENCY" ADMINISTERED BY A "COMMUNITY ACTION BOARD" AND A "COMMUNITY ACTION AGENCY" ADMINISTERED BY A "GOVERNING BOARD"

■ In order to determine whether it is the Mayor of the City of Philadelphia or the Board of PAAC which has the power to fire the Executive Director and refuse to renew the contract of the General Counsel, we must examine the two distinct types of community action agencies and their respective powers and functions recognized in the OEO Act. Section 211(a) of the Act and OEO Community Action Program Memorandum 81 delineate the two types of community action agencies as: (1) a state or political subdivision of a state, administering its program through a "community action board" and (2) a public or private non-profit agency designated by a state, administered by a "governing board."[2] The OEO Act and OEO Community Action Program Memorandum 81, interpreting the Act, make it clear that in a community action agency which is a state or political sub-

1. It would appear that Mr. Hardy and Mr. Crippins do not have standing to challenge the representation of the poor in the selection of representatives to the PAAC Board. Lower East Side Neighborhood Health Council-South, Inc. v. Richardson, 346 F. Supp. 386 (S.D.N.Y.1972).

2. Section 211(a) of the Act, 42 U.S.C. § 2791(a) provides:

Each community action agency which is a *State or a political subdivision of a State,* or a combination of political subdivisions, shall administer its program through a *community action board* which shall meet the requirements of subsection (b) of this section. Each community action agency which is a *public or private nonprofit agency or organization designated by a State* or political subdivision of a State, or combination of political subdivisions, or is an agency designated by the Director under section 2790 (d) of this title, shall have a *governing board* which shall meet the requirements of subsection (b) of this section. (Emphasis added).

division of a state, administered by a "community action board" the top elected or duly appointed officials of the state or subdivision who collectively possess the power to adopt or carry out local laws or ordinances have the power to appoint the Executive Director of the agency, as well as the power to appoint the General Counsel, unless these powers are delegated to the "community action board." It is also clear that in a community action agency which is a public or private non-profit agency designated by a state or political subdivision of a state, the "governing board" has the power to appoint the Executive Director as well as the power to appoint the General Counsel.[3] It now becomes necessary to examine PAAC to determine whether it is a political subdivision of the City of Philadelphia administered by a "community action board" or whether it is a public or private non-profit agency administered by a "governing board."

## IS PAAC A POLITICAL SUBDIVISION ADMINISTERED BY A COMMUNITY ACTION BOARD?

On February 22, 1965 the Honorable James H. J. Tate, then Mayor of the City of Philadelphia, signed an Executive Order creating the Philadelphia Anti-Poverty Action Commission, pursuant to Section 3–100(h) of the Philadelphia Home Rule Charter, which states that the executive and administrative work of the City shall be performed by ". . . such additional advisory boards as the Mayor may appoint." On December 27, 1967 the City Council of Philadelphia passed Bill No. 2846 as Title 21–800 of the Philadelphia Code. The ordinance provides, *inter alia*:

Section 21–801(1) Creation of Commission. The Philadelphia Anti-Poverty Action Commission is hereby created. It shall be composed of an uneven number of members, not less than 31 nor more than 45 in number. All

of the members of the Commission shall serve without compensation. The initial number of members of the Commission shall be 35 members and there shall be no change in the number of members of the Commission at any time unless two-thirds of the members appointed to the Board approve the change in membership. The members of the Commission shall select a chairman from among themselves. The term for which any member of the Commission shall serve shall be for a period of one year and until their successors are appointed and qualify.

Section 21–801(3) *The Mayor shall select an Executive Director from among a panel of 3 persons whose names are submitted to the Mayor by the Commission. The Mayor shall be at liberty to request the Commission to present to the Mayor additional panels of 3 persons from which he may select an Executive Director. The request of the Mayor for additional panels shall not preclude him from selecting a name from among the prior panels.* (Emphasis added)

Section 21–801(5) Powers and Duties. The Commission shall have the following powers and duties:

(a) To conduct, administer and coordinate Federal anti-poverty programs in Philadelphia;

(b) To mobilize the resources of the City of Philadelphia and its residents to combat poverty through a community action program;

(c) To mobilize and utilize resources, public and private, in an attack on poverty;

(d) To provide services, assistance and other activities of sufficient scope and size to give promise of progress through elimination of poverty or a cause or causes of poverty through developing employment opportunities,

---

3. The contemporaneous construction of a statute by the administering agency is entitled to great weight, Federal Trade Commis-

sion v. Mandel Bros. Inc.. 359 U.S. 385, 79 S.Ct. 818, 3 L.Ed.2d 893 (1959).

improving human performance, motivation, productivity or bettering conditions under which people live, learn and work;

(e) To carry out a community action program which is developed, conducted and administered with the maximum feasible participation of residents of the areas and members of the groups served;

(f) To cooperate with federal, state and local governments and their agencies and representatives in every way possible in the conduct, administration and coordination of a community action program;

(g) *To act as an agency of the City of Philadelphia for any and all of the purposes set forth herein;* and (Emphasis added)

(h) To receive, expend and account for funds, property and services supplied by federal, state and local governments, or by others, and in every way possible to further the purposes of the Commission.

Plaintiff Melvin Hardy was appointed Executive Director of PAAC on August 19, 1969 by former Mayor Tate. On April 24, 1973 plaintiff, Melvin L. Hardy, was notified by defendant, Mayor Rizzo, that his services as Executive Director were no longer required.

Isaiah W. Crippins was retained as counsel for PAAC by virtue of a series of contracts between the City of Philadelphia and Mr. Crippins, originating on January 1, 1967. The most recent contract, dated October 1, 1971, provided, *inter alia,* that Mr. Crippins would be paid $5,250.00 by the City of Philadelphia and $6,000.00 from funds supplied by OEO for the period commencing from October 1, 1971 ending June 30, 1972. When this contract expired on June 30, 1972, the City of Philadelphia refused to renew the contract for an additional term.

A reading of the Executive Order and the City Ordinance, referred to above, makes it clear that PAAC is an agency of the City, administered by a "community action board", rather than a non-profit organization administered by a "governing board." In accordance with the OEO Act and the OEO guidelines, the Mayor of the City has the power to appoint the Executive Director in the manner specified in the City Ordinance, unless that power is delegated by him to the "Community Action Board." There is no credible evidence in this record of any such delegation of power. Section 3–404 of the Charter provides . . . "[a]ll appointed officers and all members and all officers of boards and commissions shall serve at the pleasure of the appointing power and until their successors are qualified." Section 9–200 of the Philadelphia Home Rule Charter provides that "[a]ny appointed officer may be removed at the pleasure of the appointing power." Inasmuch as plaintiff, Melvin Hardy, was appointed by the Mayor, he may be removed by the Mayor.

Plaintiff Isaiah W. Crippins was retained as General Counsel of PAAC pursuant to a contract with the City of Philadelphia. Although 42 U.S.C. § 2791(e) grants to the governing board of a non-profit organization designated as a community action agency the power to appoint persons to senior staff positions, no such power is granted to community action agencies which are political subdivisions of a state. Consistent with the OEO Act and OEO guidelines, the Mayor of the City of Philadelphia has the power to appoint the General Counsel of PAAC unless this power is delegated to the "community action board." There is no credible evidence that this power was ever delegated by the Mayor. The Court, therefore, concludes that the Mayor of Philadelphia had and has the power to refuse to renew the contract of Isaiah W. Crippins.

We have not considered the myriad of other allegations and issues raised in the pleadings for the following reasons: (a) no evidence was presented at the hearing in connection therewith; (b) these matters were not briefed by the parties; and (c) in view of the issues decided

herein, the other allegations and issues raised in the pleadings now appear moot.

This Memorandum and Order shall constitute the Court's findings of fact and conclusions of law in accordance with Rule 52(a), Federal Rules of Civil Procedure.

Accordingly, the following judgment order is entered:

### JUDGMENT ORDER

And now, to wit, this 16th day of August 1973, it is ordered:

In Civil Action No. 73–957, judgment is hereby entered in favor of the defendants, Frank L. Rizzo et al., and against the plaintiffs, Melvin L. Hardy and Isaiah W. Crippins, together with costs.

In Civil Action No. 73–990, judgment is hereby entered in favor of the plaintiff, City of Philadelphia, and against the defendants, Melvin L. Hardy and Isaiah W. Crippins, together with costs.