**EMPLOYERS' LIABILITY ASSUR. CORP.**

v.

**MITCHELL et al.**

No. 14646.

United States Court of Appeals
Fifth Circuit.

March 31, 1954.

Writ of Certiorari Denied
June 7, 1954.

See 74 S.Ct. 869.

---

11. Title 35 U.S.C.A. § 70. Cf. Revised Title 35 U.S.C.A. § 285.

12. Findings of Fact 40, 41.

Marian Mayer, Deutsch, Kerrigan & Stiles, New Orleans, La., for appellant.

Amos L. Ponder, Jr., Warren M. Simon, Thomas C. Wicker, Jr., New Orleans, La., Joseph A. Gladney, Baton Rouge, La., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing a civil action for declaratory relief on the ground that the identical issue was in litigation before the state court; that all parties to the suit were parties to the state litigation; and that the state court had an additional necessary party before it. The court below, in the exercise of its discretion to avoid a possible conflict with the state courts, stayed further proceedings; then, at the request of appellant, dismissed the declaratory action in order to give the appellant an opportunity to appeal. The main issue is whether the court below abused its discretion in staying proceedings for declaratory judgment. The appellant urges that the lower court's action was erroneous for the reason that the state action was filed subsequent to this suit; that the issues are not shown to be the same; and that the declaratory action would serve a useful purpose.

The alleged facts are as follows: On April 14, 1952, L. E. Pullen (husband of Vola Evelyn Pullen), an employee of the Southern Equipment and Tractor Company, was killed through the negligence of appellee V. J. Mitchell in the operation of a dragline belonging to said Company. On December 12, 1952, Mrs. Pullen sued the appellant, as the insurer of Mitchell, in a Louisiana state court for damages resulting from her husband's death. The suit was removed by appellant to the court below, but was dismissed by the plaintiff before the appellant filed its answer. On January 5, 1953, the appellant filed this suit for a declaratory judgment, in which it sought a declaration of non-liability for the death of Pullen, and also a declaration that it was not obligated to defend Mitchell against any action that might be brought against him on account of the death of Pullen. On January 26, 1953, Mrs. Pullen filed

another suit against appellant in the state court, joining Mitchell as a defendant.

The appellees moved severally to dismiss the action for a declaratory judgment on the ground of pendency of a state-court action involving the same parties. Meanwhile, on March 9, 1953, the Maryland Casualty Company had intervened in Mrs. Pullen's state-court action to claim reimbursement for workmen's compensation benefits paid by it on account of Pullen's death. On April 12th, the court vacated its previous order of March 16, and ordered a stay pending the outcome of the state proceedings.

Thereafter, upon request of the appellant, the court dismissed the suit so that the appellant could take an appeal. Subsequent to the dismissal, we were told upon oral argument, the state court ruled in favor of appellant, and from this adverse decision Mrs. Pullen, Mitchell, and Maryland Casualty Company appealed to the Court of Appeals for the Parish of Orleans, State of Louisiana, where the appeal is now pending.[1]

■ The granting of relief by declaratory judgment is a matter within the sound discretion of the court. As a procedural remedy, the federal declaratory-judgments act, 28 U.S.C.A. §§ 2201, 2202, operates independently of state law; but a federal court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal. Declaratory relief should not be denied simply because another remedy is available, but it may properly be refused where the alternative remedy is better or more effective. The respective dates of filing do not always furnish the criteria, but the important question is whether the circumstances at the time of the determination are such as to make useless the further prosecution of the suit for declaratory judgment.

■ In the instant case, the declaratory relief asked for presents issues which would necessarily be settled by the suit pending in the state court, and which in fact are now pending before the state appellate court. We agree with the court below that it would serve no useful purpose to entertain a suit for declaratory relief in this case, since the issues in controversy can be settled better in the pending case in the state court. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653; Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411; Yellow Cab Co. v. City of Chicago, 7 Cir., 186 F.2d 946; Western Assur. Co. v. Simmons, 5 Cir., 189 F.2d 112.

Affirmed.