Edward EDWARDS, Petitioner,

v.

Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Respondent.

Misc. No. 682.

United States District Court N. D. California, S. D.

Oct. 4, 1960.

Edward Edwards, in pro. per.

Laurence E. Dayton, U. S. Atty., San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

Edward Edwards, hereinafter referred to as petitioner, has filed an action before this Court for declaratory relief. pursuant to Title 28 U.S.C.A. § 2201, and an application to proceed in forma pauperis pursuant to Title 28 U.S.C.A. § 1915.

Petitioner by separate courts-martial was tried for and convicted of four distinct offenses committed while incarcerated and serving military sentences at certain military penal institutions.* Petitioner is presently incarcerated in the United States Penitentiary at Alcatraz, California. Petitioner was transferred from the United States Disciplinary Barracks at Fort Leavenworth, Kansas

* Statement from opinion of United States Court of Appeals for the Ninth Circuit filed July 15, 1960, in the case of Edwards v. Madigan, 281 F.2d 73.

to the United States Penitentiary at Atlanta, Georgia, on September 11, 1953, and subsequently transferred to the United States Penitentiary at Alcatraz, California, on April 14, 1954.

Petitioner complains that certain good time credits have been wrongfully forfeited by the United States prison authorities. The contention of petitioner is that the United States prison authorities can only forfeit good time credits earned during petitioner's incarceration in the United States prisons, and that good time credits earned while petitioner was incarcerated in the military penal institutions and existing at the time of petitioner's transfer to the United States Penitentiary at Atlanta, Georgia, September 11, 1953 may not be forfeited by the United States prison authorities.

■ There is some doubt whether or not declaratory relief is proper in this case. There seems to be no authority directly holding that the Declaratory Judgment Act is not a remedy open to petitioner in this type of a case, but in Gibson v. United States, 6 Cir., 1947, 161 F.2d 973, the court had before it a similar complaint by an inmate incarcerated in a United States Penitentiary who was seeking declaratory relief. The court denied the relief sought on the theory that no controversy existed in that the action was premature, but the court stated at page 974:

"The ultimate effective relief sought is an order requiring the Warden to discharge appellant from imprisonment. The Warden is in effect a representative of the United States and there is grave doubt whether the Declaratory Judgment Act is applicable. There is nothing in the Act * * * to indicate that the Government has consented to be sued."

This Court makes no determination that declaratory relief is or is not proper under the circumstances of this case; but rather, denies petitioner's motion to proceed in forma pauperis on the ground that, even if declaratory relief were proper, such relief may be denied in the exercise of the sound discretion of the court since petitioner has another action or proceeding pending in this court raising the same question. Fletes-Mora v. Brownell, 9 Cir., 1955, 231 F.2d 579.

■■ The court may, in determining whether or not to exercise such discretion, take into consideration a coordinate remedy which is as efficient and complete. Zwetchkenbaum v. Operations, Inc., D.C.D.R.I.1958, 165 F.Supp. 449. But, of course, the existence of another adequate remedy for the parties does not preclude judgment for declaratory relief in cases where it is an appropriate remedy. Clayton v. Swift & Co., D.C.E.D.Va.1955, 132 F.Supp. 154. However, on the other hand, the court may refuse to act in a declaratory judgment action if a prior action pending between the same parties will dispose of all the issues between them. Fireman's Fund Ins. Co. v. Hanley, D.C.W.D.Mich. 1956, 140 F.Supp. 206, affirmed 6 Cir., 1958, 252 F.2d 780. In the same vein, the court in Maryland Casualty Co. v. Green, D.C.E.D.Pa.1958, 167 F.Supp. 226, 227, affirmed 3 Cir., 1959, 266 F.2d 31, stated that the Declaratory Judgment Act "confers jurisdiction on a Court at its discretion. No litigant has an absolute right to relief under any circumstances. * * * Relief is not granted merely to determine issues involved in pending cases."

Petitioner herein has pending before Honorable Louis E. Goodman of this court an application for habeas corpus (Civ. #39445) raising the same issue urged in the declaratory relief sought before me. The application for habeas corpus was lodged with the court before the presentation for filing of the action for declaratory relief, and habeas corpus is a proper proceeding to raise the issue in question as well as being as expeditious and effective.

It is ordered that petitioner's application to proceed in forma pauperis be, and the same is hereby denied.