**ALLSTATE INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**PHILIP LEASING COMPANY, a Corporation, Philip Motor Company, a Corporation, Ford Motor Company, a Corporation, General Motors Corporation, a Corporation, Employers Liability Assurance Corporation, a Corporation, Northwestern Engineering Company, a Corporation, Defendants.**

**Civ. No. 842.**

United States District Court
D. South Dakota, W. D.

March 1, 1963.

As Amended March 27, 1963.

Donald R. Shultz and Horace R. Jackson, of Whiting, Lynn, Freiberg & Shultz, Rapid City, S. D., for plaintiff.

Graves & Lehnert, Rapid City, S. D., for Philip Leasing Co.

Martens, Goldsmith, May & Porter, Pierre, S. D., Warran May, Pierre, S. D., for Philip Motor Co.

Hanley, Costello & Porter, Rapid City, S. D., J. M. Costello, Rapid City, S. D., for Ford Motor Co.

Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., Ellsworth Evans, Sioux Falls, S. D., for General Motors Co.

Bangs, McCullen, Butler & Foye, Rapid City, S. D., with Mr. Thomas H. Foye and Thomas E. Simmons, Rapid City, S. D., for Employers Liability Assurance Co. and Northwestern Engineering Co.

BECK, District Judge.

This is an action in which Allstate under Section 2201, Title 28 U.S.C.A., is seeking a declaration, that it is neither obligated to defend Philip Leasing Company in another action in this court entitled, John Lohner v. Philip Leasing Company [1] et al., Civil No. 368 C.D., nor to pay any judgment against it which might be entered in the course of that trial.

Basically, it is Allstate's position, according to the allegations of its complaint and the arguments on the motion to dismiss, that there is no contractual obligation to defend that action, because Lohner was employed by Leasing when injured and therefor outside the scope of its insurance coverage under the following exclusions:

### "THIS POLICY DOES NOT APPLY:

\* \* \* \* \* \* \*

" (d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured;

"(e) under coverage A, to any obligation for which the insured or any carrier as his insurer may be held liable under any workmen's compensation, unemployment compensation or disability benefits law, or under any similar law; \* \* \*."

Other allegations to support its position and to answer the defendants' joint motion to dismiss are to the effect: (1) that Lohner's action is against all of the defendants in this case; (2) that it is based on negligence of Leasing; (3) that it is pending and undetermined; (4) that Lohner's $1,000,000 claim is based on extensive permanent injuries; (5) that the employment issue can not as against Lohner be adjudicated in this case since he isn't a party and for jurisdictional reasons can not be made such; (6) that the wife of Lohner, according to information and belief, threatens to commence suit for substantial sums; (7) that the defendants in this action claim that it is the duty of Allstate under its policy of insurance, at its expense, to defend Lohner's action in behalf of Leasing and any other actions arising out of the accident in which he was involved and to pay any final judgment in said actions against Leasing up to the policy limits; (8) that Allstate is faced with multiplicity of actions, and (9) that it is necessary to have its rights and duties declared and determined in this action before the other action is tried.

Further, to complete the factual aspect of the case, it is to be noted that Allstate as it answered Lohner's complaint in behalf of Leasing, injected the employment issue as an affirmative defense and that the policy relating to defense provides:

### "DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS.

"With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; \* \* \*."

---

1. Philip Leasing Company will hereinafter be referred to as Leasing.

Though the import of Allstate's contentions is that its obligation to defend is no more extensive than its undertaking to pay and that the cited exclusion terms on that theory impliedly are controlling and may be invoked, it is obviously otherwise, since *"alleging such injury * * * even if * * * groundless, false or fraudulent * * *"* in *"any claim or suit"*, triggers the duty to defend. (Emphasis supplied.)

Aside from that provision, can it be said that Allstate on the trial of this case is entitled to a declaration of its obligations on the injected issue of employment and that the motion to dismiss for that reason should be denied.

The results can be used as the answer. A trial here would not settle the controversy in Lohner. Employment is an issue of fact in both cases and a trial in this case would not settle it in the other. There is no dispute as to the legal effect of the exclusion terms. A trial here would be pointless, should Lohner be unsuccessful. Any conflict of interests between the parties can not be finally determined until the Lohner case is tried. Employment, as well as negligence, are questions of fact to be determined by a jury in that case. This record does not disclose reasons why all issues can not and should not be settled by the jury. Granting of the declaration on the payment issue would not relieve Allstate of its duty to defend in Lohner. Any relief here, would result in two trials instead of one. Confusion, too, conceivably could be wrought since Lohner, in his case, could bar the use of the declaration were it favorable and use it if it wasn't.

With such a background it is for the court, in its discretion, to grant or deny the relief sought. 28 U.S.C.A. §§ 2201 and 2202, Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Cha-Toine Hotel Apartments Building Corp. v. Shogren, 7 Cir., 204 F. 2d 256 (1953); Maryland Casualty Company v. Green, D.C.Pa., 167 F.Supp. 226 (1958); Aetna Insurance Co. v. Busby, D.C.Ala., 87 F.Supp. 505 (1950), and Annotations 12 A.L.R. 66, 19 A.L.R. 1127, 50 A.L.R. 45, 87 A.L.R. 1212 and 68 A.L. R. 116.

Such discretion has been held properly exercised in cases: (1) where the declaration would not terminate the uncertainty or controversy giving rise to the proceedings; (2) where the declaration would have the effect of trying the controversy piecemeal; (3) where the declaration would in effect try particular issues without settling the entire controversy; (4) where the declaratory judgment action would interfere with an action which has already been commenced; (5) where not all persons in interest have been joined as parties; (6) where identical issues between the parties may be handled equally as well in an already pending suit; (7) where declaratory relief is not necessary or proper under the circumstances, and (8) where declaratory relief will serve no useful purpose. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321 (1937); Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558 (1941); Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665 (1938) and State Farm Mutual Automobile Insurance Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188 (1940). See also Annotation 142 A.L.R. 8 and cases therein cited. Too, declaratory relief, it is said, may be properly denied where the alternative remedy is better or more effective, Employers' Liability Assurance Corp. v. Mitchell, 5 Cir., 211 F.2d 441 (1954), cert. den. 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137; Piedmont Fire Insurance Co. v. Aaron, 4 Cir., 138 F.2d 732 (1943), cert. den. 321 U.S. 789, 64 S.Ct. 789, 88 L.Ed. 1079 and Edwards v. Madigan, D.C.Cal., 187 F.Supp. 688 (1960), or where the prior action pending between the same parties will dispose of all issues, Maryland Casualty Co. v. Boyle Construction Co., supra. Moreover, all that a declaration would accomplish in this case would be the testing of the validity of the defense asserted in 368 C.D. and this is not the purpose of the Declaratory Judgment Act. Aetna Casualty & Surety Co. v. Quarles, supra, and such a procedural

strategy is not looked upon with approval. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 and Allstate Insurance Co. v. Thompson, D.C.Ark, 121 F.Supp. 696 (1954). Again, "Ordinarily, a declaratory judgment will be refused where to render same requires a judicial investigation of disputed facts," 68 A.L.R. 110, 119 and State Automobile Insurance Association v. Kooiman, D.C.S.D., 143 F. Supp. 614 (1956) and as said in Wight v. United Pacific Insurance Co., D.C. Utah, 154 F.Supp. 548 (1957):

"A decision on employment status for the purpose of policy interpretation would not necessarily be controlling with respect to the question of liability under the doctrine of respondeat superior, since terms may be used in different context and thereby may be afforded different meaning. Fidelity and Casualty Company of New York v. Reece, 10 Cir., 1955, 223 F.2d 114; Tri-State Casualty Ins. Co. v. Loper, 10 Cir., 1953, 204 F.2d 557. Different rules of construction and related burden of proof may apply. B. & H. Passmore Metal & Roofing Co., Inc., v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536. And there may be a difference in the rules governing admissibility of proof in the respective cases which would justify and require different results in each. See Columbia Casualty Co. v. Thomas, 5 Cir., 1939, 101 F.2d 151."

■ Not overlooked is the rule that an injured person is a proper party to an action of this kind, litigating the coverage of an insurance policy, Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514 (1938); United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288 (1939); Central Surety & Insurance Corp. v. Caswell, 5 Cir., 91 F.2d 607 (1937); Associated Indemnity Corp. v. Davis, D.C.Pa., 45 F.Supp. 118 (1942); Hoosier Cas. Company of Indianapolis,

Ind. v. Fox, D.C.Ia., 102 F.Supp. 214 (1952) and Annotation 142 A.L.R. 54, but not a necessary party, Western Casualty & Surety Co. v. Beverforden, 8 Cir., 93 F.2d 166 (1937) and Farmers Mutual Automobile Insurance Co. v. Noel, D.C.Mo., 211 F.Supp. 216 (1962).

The asserted claim for relief will be denied and the motion to dismiss will be granted with leave to the parties herein to assert any claim or any defense in the other action and counsel for the defendants forthwith will prepare an Order to carry this decision into effect and submit the same to the court for approval and entry.

