**ALLSTATE INSURANCE COMPANY, a Corporation, Plaintiff,**

v.

**FEDERATED MUTUAL IMPLEMENT AND HARDWARE INSURANCE COMPANY, a Corporation, Defendant.**

Civ. A. No. GR 65–29.

United States District Court
D. South Carolina,
Spartanburg Division.

June 6, 1966.

**630**

Donald L. Ferguson, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for plaintiff.

Howard Carlisle Bean, Carlisle, Bean & Hines, Spartanburg, S. C., for defendant.

## ORDER

WYCHE, District Judge.

This is an action brought under the provisions of the declaratory judgment act (28 U.S.C.A. § 2201 et seq.) seeking to have the Court "enter a declaratory judgment decreeing that the defendant, Federated Mutual Implement and Hardware Insurance Company has primary coverage on the 1959 Pontiac involved in this accident and that said company is under a duty or obligation to appear and defend any suits or claims arising out of this accident and that the court declare that the plaintiff's coverage, if any, be secondary".

It is agreed by the parties that the sole question for determination in this declaratory judgment action is, "which of the parties to this action has coverage under its policy" and the following Stipulation of Facts:

"1. That this Court has jurisdiction and that the parties are subject to jurisdiction of Court.

"2. That this action is a Declaratory judgment proceeding filed under 28 U.S. C.A. Section 2201, etc., and that a real and actual controversy exist between the parties.

"3. That Allstate Insurance Company on April 20, 1965, insured James Lee Martin, d/b/a Martin's Amoco Service Station of Gaffney, South Carolina, under the terms of its garage liability policy No. 35241721 GL; that a copy of said policy is attached hereto for its terms and conditions.

"4. That the Federated Mutual Implement and Hardware Insurance Company on April 20, 1965, insured Robert Bailey, d/b/a Bailey and Sons Used Cars of Gaffney, South Carolina, under the terms and provisions of its garage liability policy No. 520–558; that a copy of this policy is attached hereto for all its terms and conditions.

"5. That on April 20, 1965, Robert Bailey and/or Bailey and Sons Used Cars of Gaffney, South Carolina, was the owner of a 1959 Pontiac, Serial No. 159L-

28074, which was owned for purposes of resale on his used car lot.

"6. That on April 20, 1965, Mr. Robert Bailey called Martin's Amoco Service Station and made arrangements for that station to wash, wax, and clean the motor on the 1959 Pontiac above referred to, and he also requested that someone take his employee back to his used car lot located on Frederick Street in Gaffney, South Carolina, when the 1959 Pontiac was delivered. That Robert Bailey and/or Bailey and Sons Used Cars of Gaffney, South Carolina, and Martin's Amoco Service Station are separate and distinct businesses independent of each other.

"7. That on this date about 5:45 o'clock p. m. Henry Harris, an agent and employee of Robert Bailey or Bailey and Sons Used Cars, acting in the course and scope of his employment, delivered the subject vehicle to Martin's Amoco Service Station located on Burnie Street in Gaffney, South Carolina, to be serviced.

"8. That Herbert Rawlinson, an employee of Martin's Amoco Service Station, accompanied Henry Harris back to Bailey and Sons Used Car lot located on Frederick Street, having been instructed by Martin's Amoco Service Station to go with Henry Harris and bring the car back to the Service Station; that Henry Harris drove the Pontiac automobile from the service station to the used car lot.

"9. That Herbert Rawlinson did not in fact return the vehicle directly from Bailey and Sons Used Cars to Martin's Amoco Service but deviated from the direct route for his own purposes without the permission of Robert Bailey or of his employer, James Lee Martin, and while he was so engaged, was involved in a collision with certain other automobiles at the intersection of College Street and Petty Street in Gaffney, South Carolina.

"10. That Bailey and Sons Used Cars gave permission for someone to drive the 1959 Pontiac automobile back to Martin's Amoco Service Station; that

Martin's Amoco Service Station instructed Herbert Rawlinson to do so; that the 1959 Pontiac was turned over to Herbert Rawlinson by Mr. Henry Harris, an employee of Bailey and Sons Used Cars when he got back to the used car lot; that the driver, Herbert Rawlinson, pursuant to the undertaking had implied permission to use the automobile to return directly to Martin's Amoco Service Station.

"11. That as a result of this collision on April 20, 1965, people sustained serious personal injuries and three (3) automobiles were damaged; that claims have been filed by some of these people."

It is, of course, discretionary with the District Court whether or not it should adjudicate a declaratory judgment action.

Although both justiciability and federal jurisdiction are present, the court in a proper case may, nevertheless, refuse to proceed with the declaratory action, for it is well settled that the exercise of jurisdiction in this area is discretionary. All of the general factors influencing the discretionary exercise of jurisdiction in declaratory actions are here relevant. And frequent, attempted abuses of the declaratory action in this area make the exercise of judicial discretion particularly important. Moore's Federal Practice, Vol. 6, p. 3112.

As was said by the late Judge Parker of the Fourth Circuit in Aetna Casualty & Surety Co. v. Quarles, (CA 4, 1937), 92 F.2d 321, 324: "The Uniform Declaratory Judgment Act expressly provides for the exercise of discretion (section 6) as does the New York Civil Practice Act and the Rules adopted thereunder (section 473; rule 212). And the rule is well settled under the English statute and court rules that the granting of declaratory relief is a matter resting in the court's discretion. Russian Commercial Industrial Bank v. British Bank, 90 L.J. K.B.N.S. 1089, 19 A.L.R. 1101. Prof. Borchard points out that these statutory provisions 'merely embody the established Anglo-American practice in all jurisdictions.' Declaratory Judgments, p. 100. While the federal act does not

expressly provide that the granting of declaratory relief shall rest in the court's discretion, this is clearly implied from the fact that it merely gives the court power to grant the remedy without prescribing any of the conditions under which it is to be granted, and it is hardly to be supposed that it was intended that it should be granted as of course in every case where a controversy exists. The Report of the Judiciary Committee of the Senate states that there is a discretion under the statute 'not to issue the judgment if it will not finally settle the rights of the parties,' and, further, that 'while the procedure is neither distinctly at law or in equity, but sui generis, the Supreme Court could probably at any time make rules under its equity power, if it saw fit.' * * *."

▪ █ A declaratory judgment should not be entertained in which the respective rights of several insurers are in issue until there has been judgment against the insured. Nationwide Mut. Ins. Co. v. Fidelity & Cas. Co. of N. Y., C.A.3d, 1961, 286 F.2d 91; American Fidelity & Cas. Co. v. Pennsylvania Thresher-men & Farmers' Mut. Cas. Ins. Co., C.A. 5th, 1960, 280 F.2d 453; Travelers Indem. Co. v. Standard Acc. Ins. Co., C.A. 7th, 1964, 329 F.2d 329; Pacific Emp. Ins. Co. v. Baker Pool Co., D.C.Tenn. 1965, 239 F.Supp. 788; Employers' Liability Assur. Corp. v. General Fire & Cas. Co., D.C.Pa.1963, 221 F.Supp. 923; Continental Cas. Co. v. Aetna Cas. & Sur. Co., D.C.Pa.1961, 200 F.Supp. 528. The court is not required, these cases reason, to permit such a "many-sided Donny-brook" in order to "express legal opinions on academic theoreticals which might never come to pass." Barron and Holtz-off Federal Practice and Procedure, Vol. 3, § 1264, p. 130, pocket part.

By the terms of both the Allstate and the Federated policies in this case both companies are bound to pay "on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of A. bodily injury * * * caused by accident * * * ;" and each insurer is bound "to defend any suit against the insured seeking damages payable under the terms of * * * policy, * * *." Both policies contain identical "pro rata" "Other Insurance" clauses.

" * * * The controversy between the two insurance carriers who have no contractual relationship to each other cannot operate to alter the obligation that each owes unto the insured, with whom they each have a contract. * * * Whether after fulfilment of their contractual obligations to defend the insurance carriers may have some right of contribution as between themselves was not ruled upon by the trial court. The trial court having exercised its discretion that declaratory relief was not appropriate upon this speculative issue, we see no cause to disturb that exercise of discretion. * * *." St. Paul Mercury Insurance Company v. Huitt, CA 6, 336 F.2d 37 (1964).

As was said in Nationwide Mut. Ins. Co. v. Fidelity & Casualty Co. of N. Y., CA 3, 286 F.2d 91 (1961), " * * * the trial judge was right in refusing to settle all the relations of the insurers among themselves. This is not a proper case for a declaratory judgment at this stage. Each of these companies has insured some one or more of the persons involved in this * * * litigation. How that litigation will come out nobody knows at this time. If all the lawsuits fail then there will be no money paid out by any of the insurance companies. If one or more of them succeed as against some one or more of the defendants that will raise, in due time, the question of who has the primary responsibility for paying. But at this time nobody is under any liability to pay. Federal courts are not authorized to give advisory opinions and if we told the insurance companies their respective rights and duties against each other we certainly would be giving an advisory opinion. Each of the insurance companies has issued an insurance policy. It is called upon under the terms of that policy to defend its insured if action is brought against him. Such actions have been brought. It is

impossible for us to say in this action where the insureds are not parties that any company is relieved of its duty to defend." See also, Travelers Indemnity Co. v. Standard Accident Insurance Co., CA. 7, 329 F.2d 329 (1964).

If each of the injured third parties files suit and wins, if neither Martin nor Bailey succeeds, if facts are not developed requiring or permitting decisive findings on the status of the Pontiac or its driver as they might bear upon related provisions of the two insurance policies, problems now academic may then be actual. "But it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass. The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense. * * *." American F. & Co. v. Pennsylvania T. & F. M. Cas. Ins. Co., CA 5, 280 F.2d 453 (1960).

In this action litigating the coverage of insurance policies, all parties in interest have not been joined as parties. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Maryland Casualty Co. v. Consumers Finance Service, CA 3, 101 F.2d 514 (1938); Maryland Casualty Co. v. Boyle Construction Co., CA 4, 123 F.2d 558 (1941); Aetna Casualty & Surety Co. v. Yeatts, CA 4, 99 F.2d 665 (1938).

This is not, in my opinion, a proper case for a declaratory judgment at this stage, for if the Court "told the insurance companies their respective rights and duties against each other" it "certainly would be giving an advisory opinion." Neither of carriers is under any liability to pay any judgment. If the injured parties file suit against the insured persons and succeed, that will raise, in due time, the question of coverage and the responsibility for paying. All persons who have an interest in the determination of the questions raised in the declaratory judgment action are not before the court and any determination by the court would be ineffective. It would result in a partial disposition of the controversy. Obviously, such should be avoided.

The Court, on its own motion, having determined that this is not a proper case for a declaratory judgment in reason and as determined by the authorities herein cited, orders that the action be dismissed with prejudice, and

It is so ordered.