**AMERICAN HOME ASSURANCE COMPANY and Transamerica Insurance Company**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Civ. A. No. 79–1269.

United States District Court, E. D. Pennsylvania.

Sept. 13, 1979.

---

Frederick T. Lachat, Jr., Philadelphia, Pa., for plaintiffs.

David Richman, Philadelphia, Pa., for defendant.

### MEMORANDUM

BECHTLE, District Judge.

Presently before this Court is the motion of defendant Liberty Mutual Insurance Company ("Liberty Mutual") to dismiss the plaintiffs' complaint, pursuant to Fed.R. Civ.P. 12(b)(6). Jurisdiction for this action is based upon diversity of citizenship, 28 U.S.C. § 1332. For all of the following reasons, the motion of the defendant to dismiss will be granted.

This action was brought by plaintiffs American Home Assurance Company ("American Home") and Transamerica Insurance Company ("Transamerica") seeking declaratory relief pursuant to the Declaratory Judgment Act ("the Act"), 28 U.S.C. § 2201 *et seq.* The instant action directly stems from a wrongful death and survival action that was brought in the Court of Common Pleas of Philadelphia County, *McCully v. Dic Concrete Corp. of Pennsylvania, et al.,* August Term 1969, No. 4228. That action concerned a suit brought by the decedent's administratrix against F. J. Frankel Construction Company, Inc., and other entities ("Frankel") and Dic Concrete Corporation of Pennsylvania ("Dic Con-

crete"). American Home and Transamerica are the insurers of Frankel, and Dic Concrete is insured by Liberty Mutual.

Dic Concrete, a subcontractor, and Frankel, as contractor, were engaged in the construction of a building in Philadelphia where the decedent was killed due to injuries sustained in a fall while working on the construction project. Under an indemnity agreement, Dic Concrete had agreed to indemnify and hold Frankel harmless for certain accidental injuries occurring on the work site during construction. Neither Dic Concrete nor Frankel is a party to the instant action. Plaintiffs, as the insurers of one of the parties to the indemnity agreement, now seek from this Court declaratory relief to declare the legal rights and obligations of the parties to the indemnity agreement, including whether:

(a) the terms and provisions of the sub-contracts are binding between the parties;

(b) the sub-contracts are applicable to the claim instituted by Barbara McCully, Administratrix of the Estate of Frank McCully;

(c) defendant, LIBERTY MUTUAL INSURANCE COMPANY, has an obligation to indemnify and hold the plaintiffs harmless from all losses, costs, damages, liability and expenses incurred by plaintiffs as a result of the claim instituted by Barbara McCully, Administratrix of the Estate of Frank McCully;

(d) judgment is to be entered in favor of plaintiffs against defendant for counsel fees and costs expended by plaintiffs in defending the claim of Barbara McCully, Administratrix of the Estate of Frank McCully.

Plaintiffs' Complaint, at 4.

The state court action in *McCully* resulted in a verdict of $503,000 in favor of the decedent's administratrix. Currently pending before the state court are the motions for a new trial or for judgment notwithstanding the verdict. The verdict has not been reduced to judgment nor has any portion of the award been paid.

Liberty Mutual filed its motion to dismiss the plaintiffs' action for declaratory relief before this Court, pursuant to Fed.R.Civ.P. 12(b)(6), based on three separate grounds: (1) the complaint fails to allege an actual controversy between the parties, as required under 28 U.S.C. § 2201; (2) Pennsylvania law does not allow a direct action against an insurer and, therefore, the complaint fails to state a claim upon which relief can be granted; and (3) the plaintiffs are not real parties in interest, as required under Fed.R.Civ.P. 17(a).

The Court finds that the first ground raised by the defendant challenging the applicability of declaratory relief in the instant case is solely dispositive of the motion to dismiss. Therefore, the Court finds it unnecessary to address the other issues raised in support of the motion to dismiss.

Section 2201 of the Declaratory Judgment Act provides:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

The purpose of declaratory relief under the Act has been described as an effort to "afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." *Care Corp. v. Kiddie Care Corp.*, 344 F.Supp. 12, 16 (D.Del.1972). One commentator has offered a more extensive explanation of the purposes behind the Act by stating:

The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford

relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

Borchard, *Declaratory Judgments*, 299 (2d ed. 1941). *See also McGraw Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966).

█ In order to bring an action for declaratory relief, the plaintiffs must meet the requisite standing requirements which are to be strictly construed. *Consumers Union of United States, Inc. v. Comm. for Implementation of Textile Agreements*, 182 U.S.App.D.C. 423, 425, 561 F.2d 872, 874 (D.C.Cir.1977). Section 2201 of the Declaratory Judgment Act states that the courts "may declare the rights and other legal relations of any interested party seeking such declaration." The phrase "interested party" has been defined by the United States Supreme Court as "parties having adverse legal interests." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). One district court has further refined the requirement to say:

A justifiable controversy exists where plaintiffs with a personal stake and interest are arrayed against persons with adverse legal interests in a sufficiently immediate adversary context to warrant declaratory relief.

*Poe v. Menghini*, 339 F.Supp. 986, 990 (D.Kan.1972).

Plaintiff has referred this Court to the applicable district court decision in *Cross v. Occidental Fire and Casualty Co.*, 347 F.Supp. 342 (W.D.Okl.1972), where the parties had sought declaratory relief as to whether an insurance policy issued by the defendant was applicable to an existing controversy between the plaintiff and the defendant's insured in a then-pending separate state court action. In finding that there was no actual controversy between the parties and thereby dismissing the action, the *Cross* court reasoned:

. . . With respect to the obligation to pay any judgment, the same is not yet in existence, may never be in existence and in any event such obligation is between the insured and the Defendant. The only way Plaintiff once possessed of the judgment, can come at the Defendant is indirectly on the basis of a right of the insured against its insurer ·through the device of garnishment. The only parties between whom an actual controversy presently exists with respect to eventual liability to Plaintiff are the Defendant and its insured . . .

Plaintiff has no present adverse legal interest in the obligations of the Defendant to its insured. All the legal interests presently possessed by the Plaintiff, as disclosed by his pleadings, are related to the alleged tortious acts of the insured, not the Defendant. All the legal interests Defendant presently possesses are related to the contract of insurance it has with its insured. Plaintiff's interests all arise out of a claimed tort; Defendant's interests all arise out of an insurance contract and the two have separate and independent bases.

347 F.Supp. at 343–344.

█ The question presented to this Court, therefore, is whether two insurance companies have the requisite standing to bring an action seeking declaratory relief in federal court to determine the legal effect of an indemnity agreement which was entered into between two separate parties who are not parties to the present action but are insured by the insurance companies that are parties in this action. The Court finds that the indemnity agreement is clearly legally distinct from the insurance policies issued by the plaintiffs. Further, the plaintiffs have no present adverse legal interest to Dic Concrete as the indemnitor, since they were not signatories to the indemnity agreement. Nor do the plaintiffs have any adverse legal interest to Liberty Mutual as the insurer of Dic Concrete, because *Liberty Mutual's* policy with Dic Concrete is also legally distinct from the indemnity agreement. Whatever practical interests the plaintiffs might have at the present

time concerning the force and effect of the indemnity agreement is not sufficient to constitute an adverse legal interest of the variety required under § 2201. Therefore, this Court concurs with the holding and rationale of the court in *Cross v. Occidental Fire and Casualty Co., supra,* and finds that the plaintiffs here lack the requisite standing to bring the present action for declaratory relief.

■ However, even if the Court found the requisite standing for the plaintiffs to bring the instant action, there are various exceptions that the courts have applied in order to decline to hear an action for declaratory relief. The decision of the trial court to grant or deny declaratory relief is within its sound discretion and should be exercised in accordance with the principles and policies of the Declaratory Judgment Act. *See Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *McGraw-Edison Co. v. Preformed Line Products Co., supra,* 362 F.2d at 342; *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 323 (4th Cir. 1937). A trial court's exercise of its discretion will not be reversed by an appellate court unless the decision was erroneous. *See Sears, Roebuck and Co. v. American Mut. Liab. Ins. Co.,* 372 F.2d 435, 438 (7th Cir. 1967).

As the court in *Allstate Ins. Co. v. Philip Leasing Co.,* 214 F.Supp. 273 (D.S.D.1963), held, the discretion to grant or deny relief has been properly held in cases:

(1) where the declaration would not terminate the uncertainty or controversy giving rise to the proceedings; (2) where the declaration would have the effect of trying the controversy piecemeal; (3) where the declaration would in effect try particular issues without settling the entire controversy; (4) where the declaratory judgment action would interfere with an action which has already been commenced; (5) where not all persons in interest have been joined as parties; (6) where identical issues between the parties may be handled equally as well in an already pending suit; (7) where declaratory relief is not necessary or proper under the circumstances, and (8) where declaratory relief will serve no useful purpose. *Aetna Casualty & Surety Co. v. Quarles,* 4 Cir., 92 F.2d 321 (1937); *Maryland Casualty Co. v. Boyle Construction Co.,* 4 Cir., 123 F.2d 558 (1941); *Aetna Casualty & Surety Co. v. Yeatts,* 4 Cir., 99 F.2d 665 (1938) and *State Farm Mutual Automobile Insurance Co. v. Hugee,* 4 Cir., 115 F.2d 298, 132 A.L.R. 188 (1940). See also Annotation 142 A.L.R. 8 and cases therein cited. Too, declaratory relief, it is said, may be properly denied where the alternative remedy is better or more effective, *Employers' Liability Assurance Corp. v. Mitchell,* 5 Cir., 211 F.2d 441 (1954), cert. den. 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137; *Piedmont Fire Insurance Co. v. Aaron,* 4 Cir., 138 F.2d 732 (1943), cert. den. 321 U.S. 789, 64 S.Ct. 789, 88 L.Ed. 1079 and *Edwards v. Madigan,* D.C.Cal., 187 F.Supp. 688 (1960), or where the prior action pending between the same parties will dispose of all issues, *Maryland Casualty Co. v. Boyle Construction Co., supra.*

214 F.Supp. at 275.

■ Particularly relevant to the instant action is the exception concerning pending state proceedings which underlie federal actions for declaratory relief. Although Fed. R.Civ.P. 57 provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate," the note of the Advisory Committee to Rule 57 states, in part:

. . . When declaratory relief will not be effective in settling the controversy, the court may decline to grant it.

Notes of the Advisory Committee on Rules, Rule 57, 28 U.S.C.A. at 693. *See also McGraw-Edison Co. v. Preformed Line Products Co., supra,* 362 F.2d at 342.

Furthermore, several courts have found circumstances justifying the dismissal of an action for declaratory relief because a state case was pending involving similar issues or capable of resolving issues presented in the federal declaratory judgment action.

Perhaps the most succinct statement of this exception was made by the Fourth Circuit Court of Appeals in the case of *Maryland Casualty Co. v. Boyle Const. Co.*, 123 F.2d 558 (4th Cir. 1941), where that court held:

> . . . We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases or for the purpose of anticipating, the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states. See *Associated Indemnity Corp. v. Manning* (D.C.) 16 F.Supp. 430.

123 F.2d at 563, *quoting Aetna Casualty & Surety Co. v. Quarles, supra,* 92 F.2d at 323.

The Fourth Circuit in *Maryland Casualty* concluded:

> . . . The federal declaratory judgment act is an important development in procedural law and should be liberally construed. In giving it this liberal construction, however, we must be careful not to encroach upon the state jurisdiction; otherwise we may awake to find that such encroachment has resulted in the act's being repealed or being modified in such way as to render it practically valueless. It furnishes a convenient and appropriate remedy to liability insurance companies where there is a bona fide controversy with the insured over the coverage of the policy or over other matters which can be settled more satisfactorily in such suit than in the ordinary form of litigation; but insurance companies should not be permitted, under the guise of seeking declaratory judgments, to drag into the federal courts the litigation of claims between citizens of the same state

over which it was never intended that the federal courts should exercise jurisdiction. If these efforts are persisted in and are sanctioned by the courts, such abuse of the remedy may well lead to the repeal by Congress of one of the most beneficent pieces of procedural legislation enacted in recent years.

123 F.2d at 565–566. *See also Sears, Roebuck and Co. v. American Mut. Liab. Ins. Co., supra,* 372 F.2d at 438; *Care Corp. v. Kiddie Care Corp., supra,* 344 F.Supp. at 16–17 & n. 2.

In *Wong v. Bacon*, 445 F.Supp. 1177 (N.D. Cal.1977), the court held that courts are reluctant to grant declaratory relief when state proceedings are not only possible but in fact pending. The *Wong* court held that the courts should look to the needs and conveniences of the parties and whether the action will provide a comprehensive solution of the general conflict. However, in *Wong*, the court decided to exercise jurisdiction under § 2201 based on the following factors: (1) there had been no progress in a pending state suit; (2) the federal action had advanced so far that it would be a waste of judicial resources to dismiss the action; and, (3) there was a legal dispute over federal law involving federal policy considerations. In the instant action, none of the factors that the *Wong* court found probative are present. 445 F.Supp. at 1182–1183.

Plaintiffs contend that the decision in *Bituminous Ins. v. Pennsylvania Manufacturers' Ass'n Ins. Co.*, 427 F.Supp. 539 (E.D. Pa.1976), is controlling in the present action. In *Bituminous*, the court, in an action for declaratory relief between two insurance companies over an indemnity agreement between a general contractor and a subcontractor decided to grant declaratory relief.

The *Bituminous* decision is not controlling in the case at bar for several reasons. First, in *Bituminous*, the underlying state court action to determine liability had not yet commenced, which prompted the court to conclude that:

> . . . Such an adjudication may well speed the final conclusion of this matter

in the state courts or enhance the chances for a settlement. In my view, therefore, the interests of justice will be forwarded by deciding this declaratory judgment action even in the absence of Shaffer. Although the instant case has not reached the appellate level as was the case in *Provident Tradesmens,* [*Provident Tradesmens Bank and Trust Co. v. Lumbermens Mutual Casualty Co.,* 365 F.2d 802 (3d Cir. 1966)] the trial has taken place. To dismiss the suit at this point would result in a repetition of the trial in another forum, and the judgment in the second trial could only decide the issues which are here ripe for decision.

427 F.Supp. at 548.

In the instant action, a state court action has rendered a verdict; post-trial motions are still pending, and the verdict has not been reduced to judgment. The Court finds that the issue of the validity and effect of the indemnity agreement would be best resolved in the pending state court action for the same reasons set forth in *Maryland Casualty Co. v. Boyle Const. Co., supra,* and because all interested parties and relevant facts are present in that action or can be easily obtained. Further, if the state court should grant a new trial and at that new trial the verdict would be for the defendant, or the state court would set aside the verdict of the initial trial, any declaratory relief this Court would grant would be merely advisory. This is true because the indemnity agreement, if one of the above situations occurred, would no longer be of importance to the parties except for monies paid for attorneys' and court fees. As the Fifth Circuit Court of Appeals held in *American F. & Co. v. Pennsylvania T. & F. Cas. Ins. Co.,* 280 F.2d 453 (5th Cir. 1960). . . . But it is not the function of a United District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass. The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a "case or controversy" within the constitutional sense. . . .

280 F.2d at 461. *See also Allstate Ins. Co. v. Federated Mutual Implement & Hardware Ins. Co.,* 254 F.Supp. 629, 633 (D.S.C. 1966).

Second, in *Bituminous,* the court merely held, without further clarification, that "[c]learly there is a controversy between BIC and PMA as to which insurer is obligated to defend the state court suits." 427 F.Supp. at 545. As previously stated, this Court does not so clearly find that the plaintiffs here have adverse legal interests as required under § 2201. Therefore, the Court finds that the *Bituminous* case is not dispositive of the issue of standing under § 2201 in the present action.

In conclusion, failing to find the requisite standing of the plaintiffs under § 2201, and for all the reasons stated by the Fourth Circuit in *Maryland Casualty Co. v. Boyle Const. Co., supra,* this Court will dismiss this action for declaratory relief. In so holding, the Court once again reiterates that diversity of citizenship should not be used as a procedural device with which to drag the federal courts into ongoing legal disputes that should best be resolved in pending state court proceedings. An appropriate Order will be entered.