**BANK OF DELAWARE and Insurance Company of North America, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY and Wright Construction Company, Defendants.**

**Civil Action No. 81C-OC-118.**

Superior Court of Delaware, New Castle County.

Submitted April 7, 1982.

Decided May 19, 1982.

F. Alton Tybout, of Tybout, Redfearn, Casarino & Pell, Wilmington, for plaintiffs.

Joseph G. Manta, and John C. Sullivan, of Frumkin & Manta, Philadelphia, Pa., and Frank O'Donnell, of O'Donnell & Hughes, Wilmington, for Allstate Ins. Co.

Daniel M. Kristol, and Dennis Spivack, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for Wright Const. Co.

O'HARA, Judge.

Wright Construction Company ("Wright") and Allstate Insurance Company ("Allstate") have moved to dismiss plaintiffs' declaratory judgment complaint. Plaintiffs, Bank of Delaware ("Bank") and Insurance Company of North America ("INA"), have requested a declaration of the rights which flow through an indemnification agreement between Bank and Wright from a contract of insurance between Wright and Allstate.

The Bank and Wright had formed a contract for the removal of hazardous wastes from a property controlled by the Bank. Wright subcontracted with A. B. M. Disposal Service who, allegedly, dumped the wastes in a Philadelphia municipal landfill

in violation of Federal and State law. Wright and the Bank, in addition to 37 other defendants, have been sued by the City of Philadelphia, in County and Federal courts, under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, P.L. 96–510, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, as well as on common law, State and City statutory claims. *City of Philadelphia v. Stepan Chemical Co.*, E.D.Pa., C.A. No. 81–0851 (filed September 16, 1981); *City of Philadelphia v. Bank of Delaware and Wright Construction Company*, Phila.C.P., July term, No. 1602 (filed September 21, 1981).

At the time of the formation of the disposal contract, the Bank and Wright also entered into an agreement under which Wright was to

> herewith indemnify and hold harmless BANK OF DELAWARE from any liabilities of any nature whatsoever due to the character of said chemicals to be moved. WRIGHT CONSTRUCTION CO. does herewith agree to defend at its sole cost and expense any action of any party against BANK OF DELAWARE for any damages resulting from said chemicals by any party. . . .

The Bank invoked its rights under this agreement but defendants declined to take up the Bank's defense in the Philadelphia suits. INA, the Bank's liability insurer, therefore, provided a defense. The plaintiffs allege that at the time the hold harmless agreement was effected, Wright had provided proof of insurance issued by Allstate. That insurance allegedly obligates Allstate to appear and defend the Bank and to pay any judgments which accrue as a result of the suits initiated by City of Philadelphia. That insurance contract has not been placed before this Court.

Allstate and Wright, in a motion to dismiss, responded that the plaintiffs did not raise an actual, or ripe, controversy and, therefore, this Court lacks jurisdiction. They argue, alternatively, that the entire matter is better resolved in the pending federal litigation and that all necessary parties are not joined here. They further contend that this is a suit in the nature of an impermissible direct action. Allstate is also resisting plaintiffs' discovery and plaintiffs have filed a motion to compel answers to interrogatories.

## I. ACTUAL CONTROVERSY.

"The mere existence of a cloud or denial of right, assertion of unsound claim, existence of conflicting claims, or uncertainty or insecurity occasioned by new events creates a cause of action for declaratory judgment." 20 APPLEMAN, Insurance Law and Practice, § 11354 at 332 (1980). Allstate and Wright argue that there is no actual controversy here since plaintiffs are strangers to the contract of insurance which exists between them and, therefore, no adverse legal relationships can exist between INA and Wright, and Allstate and the Bank. The defendants, however, overlook the adverse relationship which exists between the two insurers which arises from the duties created in their respective contracts of insurance.

A similar claim was made in *Sears, Roebuck and Co. v. Zurich Insurance Company*, 7th Cir., 422 F.2d 587 (1970). The defendant insurance company had refused to defend Sears in a products liability suit arising from damages created by a television set manufactured by the defendant's insured but sold by Sears. Sears brought a declaratory judgment action regarding the insurer's duty of defense, created by its contract with the manufacturer. The district court had declined jurisdiction finding that the matter would be better resolved in state court. The circuit court reversed, finding an abuse of discretion. The action was maintained even though Sears, like the Bank, was a stranger to the insurance contract.

A similar adverse relationship was found to present a justiciable controversy in *Globe Indemnity Co. v. St. Paul Fire & Marine Ins. Co.*, 3rd Cir., 369 F.2d 102 (1966). One insurer sued another in a declaratory judgment proceeding in order to determine which had the duty of defense in a wrongful death action. The plaintiff had been

defending its insured on the authority of an indemnity agreement between its insured and the employer of the deceased workman. The plaintiff then initiated proceedings on the question of duty of defense against the insurer of the owner of the instrumentality that caused the workman's death. The Court held that since all the insured parties were joined, and in light of the fact that there was no claim as to ultimate liability, a justiciable controversy existed.

An analogous rationale was used in *Chicago Freight Car Leasing Co. v. Martin Marietta Corp.*, N.D.Ill., 66 F.R.D. 400 (1975). In that action a lessor's insurer sued a lessee's insurer in a declaratory judgment action to determine which had the duty of defense under the lease. The lessee's insurer argued that the claim was better resolved in a pending state proceeding. The federal court found that since the issue was not before the state court and would not be resolved there, jurisdiction in district court was appropriate. However, the court found that since the lessor would not tender its defense to the lessee's insurer in any case, no purpose would be served by early judgment and it dismissed the action.

Defendants' posture is aptly described in *Safeco Insurance Co. v. Dairyland Mutual Ins. Co.*, Wash.Supr., 76 Wash.2d 669, 446 P.2d 568 (1968). In that case a driver and his insurer sued the insurer of the owner of the car for a determination of the duty to defend the driver. The court found this conflict to be an actual controversy even though plaintiffs were not parties to the disputed contract.

[Defendants'] argument assumes an answer to the very issue created by the claim. Plaintiff alleges that [the driver] is an additional insured under the ... policy; [defendant] claims that he is not. That variance creates an actual, immediate and justiciable issue between them. Many rights and obligations ride on the answer to that question. If he is an additional insured, then [defendant] is his prime insurer and must defend him in the existing lawsuit. If he is not an additional insured, then [plaintiff insurer] alone insures, and must defend him. We think the issue of coverages and the interests dependent on an answer to the issue create a case that falls squarely within the purposes of our Declaratory Judgments Act and that the plaintiffs were entitled to be heard.

In *American Home Assur. Co. v. Liberty Mut. Ins.*, E.D.Pa., 475 F.Supp. 1169 (1979), relied upon by defendants as authority for precluding suit, the court found no clear actual controversy in construing "the legal rights and obligations of the parties to an indemnity agreement." The signatories to that agreement were not joined and there were no allegations of adverse interests created under the insurers' respective policies. The *American Home* court relied on *Cross v. Occidental Fire and Casualty Company*, W.D.Okla., 347 F.Supp. 342 (1972), in which no present adverse legal interest was found between a tort plaintiff and a defendant's insurer. The only adversity found to exist was between the tort plaintiff and the tort defendant, a non-joined party. In the instant case, all insured parties are joined and, unlike the situation in *Cross* and *American Home*, an adverse relationship has been demonstrated between the insurers by virtue of their respective contracts of insurance.

■ The controversy here is real even though no judgment has yet accrued against the plaintiffs. The declaratory judgment procedure is intended to allow parties to prevent harm rather than merely repair damage. *Clemente v. Greyhound Corporation*, Del.Super., 155 A.2d 316 (1959). Also, an interpretation of contract terms may be adjudicated even though a judgment has not yet been obtained. *Harleysville Mutual Casualty Ins. Co. v. Carroll*, Del.Super., 123 A.2d 128 (1956). It follows, therefore, that this Court has jurisdiction.

## II. ALTERNATIVE CLAIMS.

■ Defendants assert, alternatively, that jurisdiction is preempted by the extensive role of the federal court concerning the federal statute involved. They fail to note, however, that exclusivity is limited to

matters "arising under" the Superfund laws,[1] 42 U.S.C.A. § 9613(b), and that state courts are not preempted from imposing liability for the release of hazardous substances within the state, 42 U.S.C.A. § 9614(a).

This litigation does not arise under the federal statute; it does not concern the "release of any hazardous substance or any damages associated therewith . . .", 42 U.S. C.A. § 9613(d). Rather, it concerns the construction of an insurance contract. Thus, the existence of the federal suit does not deprive this Court of jurisdiction as the federal and state issues are separately justiciable. *Care Corporation v. Kiddie Care Corporation*, D.Del., 344 F.Supp. 12 (1972) (federal securities law and state corporation law claims separable), *City of Newark v. Hartford Accident & Indem. Co.*, N.J.Super., 134 N.J.Super. 537, 342 A.2d 513 (1975) (federal civil rights claims and insurance policy construction question are separable).

■ Defendants also argue that jurisdiction should be declined because City of Philadelphia is an indispensable party whose rights will be affected and whose absence will subject Allstate to multiple claims. However, City of Philadelphia's rights will not be affected by this litigation since the issue here is Allstate's duty to the Bank. The success of City of Philadelphia's claim against the Bank is irrelevant to the decision here. See *Provident Tradesmens B. & T. Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) and 3A Moore's Federal Practice, § 19.17 (2d ed. 1979).

The possibility of future litigation against Allstate from the non-bound party, City of Philadelphia, in the event that Allstate is found not liable here, is remote. INA has already assumed the Bank's defense and, in fact, this is the basis of INA's assertion of an adverse legal relationship with the defendants. An insubstantial possibility cannot be made the basis for dismissing this action under Superior Court Civil Rule 19(b). *Provident Tradesmens B. & T. Co. v. Patterson*, supra.

■ Thus, jurisdiction may be maintained in this Court. However, there is a further question that must be answered before it can be asserted: Will a decision serve a useful purpose? The exercise of jurisdiction in a declaratory judgment suit is discretionary, *Clemente v. Greyhound Corporation*, supra, and that discretion is based on a variety of factors, *Allstate Insurance Company v. Philip Leasing Company*, D. S.D., 214 F.Supp. 273 (1963).[2] Resolution of uncertainty is primary among them.

■ A decision on paragraphs (1) and (3) of the wherefore provisions of the complaint,[3] regarding the defendants' duty to

---

**1.** "[A] suit does not ·[arise under federal law] unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of a federal law, upon the determination of which the result depends. (Citations omitted). Plaintiff's right to sue must be founded directly upon a federal law." *FAAC v. Rizzo*, E.D.Pa., 363 F.Supp. 503 (1973). The legislation which creates the federal authority to require compensation for the release of hazardous substances is found at 42 U.S.C.A. § 9601 *et. seq.* (West Supp.1981).

**2.** (1) Where the declaration would not terminate the uncertainty or controversy giving rise to the proceedings; (2) where the declaration would have the effect of trying the controversy piecemeal; (3) where the declaration would in effect try particular issues without settling the entire controversy; (4) where the declaratory judgment action would interfere with an action which has already commenced; (5) where not all persons in interest have been joined as parties; (6) where identical issues between the parties may be handled equally as well in an already pending suit; (7) where declaratory relief is not necessary or proper under the circumstances; and (8) where declaratory relief will serve no useful purpose . . . *Allstate Insurance Company v. Philip Leasing Company*, D. S.D., 214 F.Supp. 273 (1963).

**3.** "(1) That Allstate is obligated under its insurance policy to appear and defend the Bank of Delaware in the Pennsylvania litigation;

"(3) That Wright Construction Company is liable to the Bank of Delaware and its insurer for any amounts which are expended in the defense of the Bank of Delaware in the Pennsylvania litigation."

defend will serve a useful purpose. The uncertainty which has arisen because of the City of Philadelphia litigation will be resolved and control of the defense in that suit will be determined. However, paragraphs (2) and (4) of the wherefore provisions of the complaint,[4] the claims as to determination of financial liability upon judgment, create issues which are more effectively resolved in the federal forum. Although a liability claim is an appropriate subject for declaratory judgment, *Harleysville Mutual Casualty Ins. Co. v. Carroll,* supra, and those do not sound in the nature of an impermissible direct action which seeks performance of the insurer, *see* 26 C.J.S., Declaratory Judgments, § 1, a decision by this Court may not resolve the uncertainty surrounding the effect of the "Superfund" legislation on agreements to indemnify. That Act states:

> "Nothing in this subsection shall bar any agreement to insure, hold harmless or indemnify a party to such agreement for any liability under this section." 42 U.S.C.A. § 9607(e)(1).

Case law has not yet developed under this section but Wright raises the spectre of a limitation on the extent of indemnification permissible as a result of the policy underlying the Act, "to provide for liability of persons responsible for release of hazardous waste ..." H.R.Rep. No. 96–1016, pt. 1, 96th Cong., 2d sess., reprinted in 1980 U.S. Code Cong. & Ad.News at 6119. The House Report contained the additional views of Representative Gore, noting the existence of a loophole in the Act because of the ability of a party to subcontract liability by using a third party defense. *Id.* at 6141.[5] Conceivably, Wright's spectre could materialize, as one of the goals of the Act is to provide an incentive for greater safety in the treatment of hazardous waste. *Id.* at 6141. Limitation of ultimate financial liability may be such an incentive and the indemnity agreement may be affected by the pending interpretation of federal law. Thus, the liability issue is better explored in the federal forum.

For the reasons herein set forth, the Court concludes that defendants' motion as to paragraphs (1) and (3) of the wherefore provision of the complaint should be denied; defendants' motion as to paragraphs (2) and (4) of that clause should be granted. Defendants' contentions in the pleadings should be proven in order to narrow this dispute. *Pfeifer v. Johnson Motor Lines,* Del.Super., 89 A.2d 154 (1952), *Dayson v. Great Northern Oil Company,* Del.Super., 118 A.2d 361 (1955). Therefore, plaintiffs' motion to compel more responsive answers to interrogatories 1 and 2 should be sustained. Furthermore, the Court concludes that Allstate's objections to interrogatory 3 must be overruled but that the information it provided is a satisfactory response. Therefore, plaintiffs' motion as to interrogatory 3 must be denied.

IT IS SO ORDERED.

---

4. "(2) That Allstate is bound under its policy to pay on behalf of the Bank of Delaware any amounts of moneys for which the Bank of Delaware may become liable in the Pennsylvania litigation.

"(4) That Wright Construction Company is liable to the Bank of Delaware and its insurer for any amounts of money for which the Bank of Delaware may become liable in the Pennsylvania litigation."

5. *See* H.R.Rep. No. 96–1016, pt. 1, 96th Cong., 2d sess., reprinted in 1980 U.S.Code Cong. & Ad.News at 6136, on the necessity of proving proximate cause for liability for hazardous release.