Joe CROSS, Plaintiff,

v.

OCCIDENTAL FIRE AND CASUALTY COMPANY, an insurance corporation, Defendant.

Civ. No. 72-218.

United States District Court,
W. D. Oklahoma,
Civil Division.

June 23, 1972.

Howard K. Berry, Oklahoma City, Okl., for plaintiff.

B. J. Cooper, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

DAUGHERTY, District Judge.

Seeking to capitalize on dictum in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941), Plaintiff brings this declaratory judgment action against the Defendant to establish that a policy of insurance issued by Defendant to a third person whom Plaintiff is suing in State Court covers the controversy between Plaintiff and Defendant's insured which is the subject matter of said State action. Usually, it is the insured or insurer who takes the initiative in such matters as these; here the action is filed by one who is wholly foreign to the policy coverage question.

Plaintiff's case against the insured is pending in State Court. Plaintiff alleges herein that Defendant has refused to defend its insured or pay any judgment Plaintiff may obtain against the insured in said State Court action. Defendant has moved to dismiss, so the Court must accept these facts as true. The basis of Defendant's Motion is that no actual controversy is present between the parties hereto. Jurisdiction is presumptively present for, although Plaintiff's allegations of diversity are defective, no challenge thereto is made by Defendant.

In the Maryland Casualty case, supra, the Supreme Court indicated that there is no precise test for determining the existence of an actual controversy. It did, however, offer the following remarks as a guide:

"Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. . . . It is immaterial that . . . the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." 312 U.S. 270 at p. 273, 61 S.Ct. at 512, 85 L.Ed. 826 at p. 829.

The quoted statement appears to give rise to a test involving three essential elements: (1) That an actual controversy exists between the parties. (2) That the parties have adverse legal interests. (3) That such interests are immediate and real and will support a determination based thereon.

There is no actual controversy present between Plaintiff and Defendant. Plaintiff seeks two things by this action: that the insured which he has sued be defended in said action by lawyers hired by the Defendant and that the Defendant be adjudged liable on its insurance policy to pay any judgment Plaintiff may succeed in obtaining against Defendant's insured. The Court is unable to fathom Plaintiff's legal interest in who hires the lawyers who will defend one he has elected to sue, whether it be Defendant or the insured. The Court knows of no legal principle which would permit Plaintiff to specify the lawyer who will defend a person he has seen fit to sue. There is thus nothing on which to base an actual controversy between Plaintiff and Defendant as to this point. With respect to the obligation to pay any judgment, the same is not yet in existence, may never be in existence and in any event such obligation is between the insured and the Defendant. The only way Plaintiff, once possessed of the judgment, can come at the Defendant is indirectly on the basis of a right of the insured against its insurer through the device of garnishment. The only parties between whom an actual controversy presently exists with respect to eventual liability to Plaintiff are the Defendant and its insured. The best

that can be said on this point is that Plaintiff's claim is potential and contingent. There is no actual controversy between Plaintiff and Defendant on the obligation to pay at this time, notwithstanding Defendant's advance refusal. In the words of our Circuit,

"This potential controversy is contingent upon a determination of the occurrence of the tort." Gray v. New Mexico Military Institute, 249 F.2d 28 at p. 30 (Tenth Cir. 1957).

Plaintiff has no present adverse legal interest in the obligations of the Defendant to its insured. All the legal interests presently possessed by the Plaintiff, as disclosed by his pleadings, are related to the alleged tortious acts of the insured, not the Defendant. All the legal interests Defendant presently possesses are related to the contract of insurance it has with its insured. Plaintiff's interests all arise out of a claimed tort; Defendant's interests all arise out of an insurance contract and the two have separate and independent bases.

Finally, Plaintiff's claim herein is neither immediate nor real. It is not immediate because of its contingent nature and it is not real because there is no legal principle that the Court knows of to support it. In this respect, Plaintiff argues that if an insurance company may sue before conclusion or even initiation of the State Court action and join therein the injured parties, such as Plaintiff, as was done in Maryland Casualty Co. v. Pacific Coal & Oil Co., *supra*, and countless others, then "surely" the reverse must be permitted. There is good reason for permitting the joinder of persons in Plaintiff's position by an insurer seeking declaratory relief. If they were not joined they would not be bound by a favorable judgment of non-coverage and the insurers could be exposed to the risks of a multiplicity of litigation and inconsistent obligations. No such factors are present in the case conceived by Plaintiff and brought here.

The Court concludes that Plaintiff's Complaint does not present an actual controversy to be decided under the provisions of 28 U.S.C.A. §§ 2201 and 2202 and that the same should be dismissed.

Defendant's Motion to Dismiss is granted and Plaintiff's action is dismissed without prejudice.