**ARNOLD PETERSEN, Plaintiff**

v.

**ELTON MALONE AND FIREMAN'S FUND INSURANCE, Defendant**

Civil No. 526-77

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 16, 1977

MICHAEL P. LEHTONEN, ESQ., St. Thomas, V.I., *for plaintiff*

ZEBEDEE & DUDLEY (JOEL W. MARSH, ESQ.), St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

### MEMORANDUM OPINION AND ORDER

Plaintiff, Arnold Petersen, seeks a declaratory judgment alleging that he recovered a money judgment from defendant, Elton Malone, in a prior action for damages and for which he contends the defendant insurance company is liable because of a motor vehicle liability insurance policy then in effect. Defendant insurance company (hereinafter Fireman's Insurance) has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I Rule 12. Although defendant's motion is not clear, it appears to be based on the contention that the complaint does not present an actual controversy.

This proceeding is governed by the Uniform Declaratory Judgment Act, codified in the Virgin Islands Code in Chapter 89, Title 5 V.I.C. §§ 1261–1272. It will be helpful in deciding this case first to study the relevant provisions of the chapter. Section 1270 declares the chapter to be remedial, its purpose being "to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." The same section further directs that the chapter is to be liberally construed and administered. Section 1261 reiterates the scope of the court's power, and adds that declaratory relief shall be available "whether or not further relief is or could be claimed." Section 1269 goes further and declares that the existence of another adequate remedy does not preclude an action for declaratory relief so long as it is otherwise appropriate. Finally, section 1262 gives to "any person interested under a . . . written contract or other writings constituting a contract" the right to bring an action for declaratory relief to have determined "any question of construction or validity arising under the instrument" and to obtain a declaration of "rights, status or other legal relations thereunder."

■ While it is clear, as the defendant points out, that the procedure for obtaining a declaratory judgment must be in accordance with the Federal Rules of Civil Procedure, 5 V.I.C. § 1269, the substantive power of the court to hear and decide matters and grant relief is derived from Chapter 89 of Title 5 of the Virgin Islands Code and not the federal declaratory judgment statute, 28 U.S.C. § 2201. However, to the extent that the two statutes are similar, decisions construing the federal statute are persuasive in interpreting the Virgin Islands law.

Defendant relies on Cross v. Occidental Fire and Casualty, 347 F.Supp. 342 (W.D. Okla. 1972), for the proposition that an injured third party may not maintain a declaratory judgment action against the tortfeasor's in-

surer. In *Cross* the plaintiff instituted an action for declaratory relief against the insurer in a federal court during the pendency of his action against the insured in state court. Plaintiff sought, among other things, a declaration of the insurer's liability on the policy issued to the insured. The insurer moved to dismiss on the grounds that no actual controversy existed.[1] The district court, citing *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 60 S.Ct. 510, 85 L.Ed. 826 (1941), formulated the test for determining the existence of an actual controversy as follows:

(1) That an actual controversy exists between the parties.

(2) That the parties have adverse legal interests.

(3) That such interests are immediate and real and will support a determination based thereon.

*Cross, supra* at 343. The court found that no actual controversy existed between the parties because there was no judgment in plaintiff's favor and, in fact, that there may never be one. In addition, the court said the parties lacked "present adverse legal interests" because plaintiff's interest arose from the alleged tortious acts of the insured, not the insurer, while the legal interest of the insurer arose from the contract of insurance it had with the insured. Finally, plaintiff's interest was neither real nor immediate, being contingent and unsupported by legal principle.

■■ This line of analysis, when applied to the facts of the instant case, reveals several important factual distinctions. Crucial among these is the fact that plaintiff has alleged that he has reduced his claim against the insured

---

[1] The court assumes, without deciding, that its jurisdiction is predicated on the existence of an actual case or controversy:

"The Virgin Islands Declaratory Judgment Act . . . does not extend the jurisdiction of this court to the adjudication of rights other than those which are directly affected." The Virgin Islands Territorial Board of Realtors v. Wheatley, 6 V.I. 185, 190 (D.V.I. 1960) (Circuit Judge Maris).

tortfeasor to a $2,150.00 judgment. He also claims that the insured is impecunious and "judgment-proof." For the purpose of ruling on a motion to dismiss all well-pleaded facts in the complaint are deemed admitted. 2A Moore's Federal Practice ¶12.08, at 2266–67. This disposes of the first test and clearly reveals an actual controversy between the parties as to the effect of the judgment rendered. Plaintiff Petersen asserts that defendant Malone's policy was in existence at the time of the accident and provided coverage, which makes the defendant Fireman's Insurance liable for all judgments against the insured. Defendant disputes this. Plaintiff's interests no longer center on the tortious acts of the insured but arise from the rendition of the judgment. The judgment is the predicate of liability under the contract. Restatement of Judgments § 111, Comment b. It is an "operative fact" upon which the liability of the insurer may rest, not because of any rule of res judicata, but because of the contractual relation between the insurer and insured with reference to a judgment against the latter. Id. Comment a.

A judgment against the insured in an action by a third person is not of itself conclusive in favor of the plaintiff against the insurer. However, a person obtaining a judgment against the insured is entitled to recover from the insurer, if the insurer has a duty of exoneration or indemnity because of the judgment, on the ground that the right of the insured is an asset upon which the judgment creditor can realize.

Id. Comment b, accord Employees' Liability Assur. Corp. v. Ryan, 109 F.2d 690 (6th Cir. 1940), cert. dismissed 311 U.S. 722, 60 S.Ct. 1107, 85 L.Ed. 470 (judgment in favor of injured third party "matured" the controversy making it an actual controversy). It is thus clear that the interests of Petersen and Fireman's Insurance are sufficiently adverse and arise out of the same nexus of facts and law: the contract between insurer and insured, the liability and

270

extent thereof of the insurer and the judgment against the insured.

With respect to the third test enunciated in Cross, supra, the insurer does not dispute that the judgment in plaintiff's favor against the insured has created an immediate legal interest in the insurance contract. Moreover, it is an interest that is protected and founded in statute. Plaintiff is a person "interested under a written contract" within the meaning of 5 V.I.C. § 1262. Consequently, if he can prove the allegations of his complaint, he is entitled to declaratory relief. The court finds it significant that § 1262 speaks of "any person interested" rather than "the parties to" a deed, will or contract. This is in keeping with the generally expansive language of Chapter 89, and the mandate of § 1270 that the act is to be liberally construed.

The court is not unmindful of the district court's admonition in Cross, supra, that the only way an injured third party can enforce an insurance contract between the tortfeasor and the insurer is indirectly by way of garnishment. That, however, was an unnecessary gratuity, clearly dicta for the purpose of the decision. While it might be one way for plaintiff to proceed, it is clearly not the only way. Nor is the availability of declaratory relief contingent on the absence of other available remedies. 5 V.I.C. §§ 1261, 1269; 5 V.I.C. App. I Rule 57. Once plaintiff has established his entitlement to use the declaratory relief procedure it is not for the defendant to tell him to proceed otherwise.

While there is a dearth of authority in support of the court's present decision, there is no authority to the contrary. Apparently, in most cases, it is the insurer who initiates an action for declaratory relief naming the injured third party and the insured as defendants. It has been repeatedly held that the injured third party may not have the case dismissed as to him on the ground of no "actual controversy." Maryland Casualty Co. v. Pacific

Coal & Oil Co., supra; U.S. Fidelity & Guaranty Co. v. Pierson, 97 F.2d 560 (8th Cir. 1938). Nor may the court involuntarily dismiss him on the grounds that he is nominal party to the action. Automobile Underwriters Corp. v. Graves, 489 F.2d 625 (8th Cir. 1973); Hawkeye-Security Insurance Co. v. Schulte, 302 F.2d 174 (7th Cir. 1962); cf. United States v. Borchardt, 470 F.2d 257 (7th Cir. 1972). In fact, in instances where the lower court has dismissed the third party tort victim on the grounds that he is a nominal party and granted declaratory relief to the insurer, the third party has been allowed to prosecute an appeal and has won reversal in the appellate courts, and this in the absence of an adjudication of liability against the insured. Automobile Underwriters Corp. v. Graves, supra; Hawkeye-Security Insurance Co. v. Schulte, supra. In Hawkeye-Security, the Seventh Circuit, relying on Maryland Casualty Co. v. Pacific Coal & Oil Co., supra, for the proposition that an actual controversy exists between an injured third party defendant and a plaintiff insurer, held that it would be anomalous in such a situation to deny the injured party the right to participate in the action, including the right to appeal a judgment dismissing it from the suit. The court went on to say:

Appellee (insurer) voluntarily brought appellant (injured third party) into this litigation as a party defendant. Appellant, being a proper party to an actual controversy with appellee, should be heard to assert any proper defense raised by his answer to the complaint. The district court erred in dismissing appellant from this suit.

Id. at 177. In Automobile Underwriters Corp. v. Graves, supra, the Eighth Circuit, relying in turn on Hawkeye-Security, said:

The insurer . . . urges initially that Stanley Graves cannot bring an appeal since the district court dismissed him from the action. We reject this threshold argument. An injured person having a possible claim against an insurer who has been made a party defendant to an

action for declaratory judgment possesses the requisite interest to be heard on appeal notwithstanding that the court in entering a judgment on the merits dismisses the action against all parties other than the policyholder. Id. at 627–28.

It is apparent that Plaintiff Petersen's position is much stronger in the present case than was that of either defendant in Hawkeye-Security or Underwriters Automobile Corp. Neither defendant in either of those cases had an adjudication of liability against the respective tortfeasors and both had been dismissed from the declaratory judgment action as nominal parties. The appellate court, however, still found the requisite controversy to allow them to prosecute an appeal. No reason appearing to the court why plaintiff should not be allowed to prosecute the instant action for a declaration of liability against the insurer it is hereby

ORDERED that defendant's motion to dismiss be and the same hereby is denied.