DIANE MAGRAS, SUZETTE MAGRAS, TITANIA FELIX and PATRICE FELIX, Minors, by TITANIA MAGRAS, Guardian, and TITANIA MAGRAS, Individually, Plaintiffs

v.

PUERTO RICAN AMERICAN INSURANCE COMPANY, Defendant

Civil No. 82-51

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 19, 1982

---

BERNARD VAN SLUYTMAN, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *for plaintiffs*

DOUGLAS A. BRADY, ESQ. (ALFRED & BRADY), Christiansted, St. Croix, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case puts into issue the legal basis, if any, on which an injured person may recover from an insurer a judgment previously entered against its insured. Plaintiffs obtained, in a separately docketed action in this Court, a default judgment against two persons insured under an automobile insurance policy issued by defendant. Magras v. Raimer, Civ. No. 78-285 (D.V.I. Order of Jan. 3, 1980). Plaintiffs now seek to recover that judgment directly from the insurance carrier.

 The general rule is that in the absence of an applicable statute or of a "public liability" provision in the insurance policy, "a person may not maintain a suit against the insurer to recover a judgment rendered against the insured. . . ." Couch on Insurance 2d (Rev. ed.) § 45.785 (1981).

 The Virgin Islands has no statute which authorizes a direct action by the injured party against the insurer of the tortfeasor. Nor is there any applicable procedural rule through which such an action could be inferred. See, Singh v. August, 10 V.I. 389 (D.V.I. 1974). (Virgin Islands has no rule comparable to that which the Florida Supreme Court found to authorize a direct action in Shingleton v. Bussey,[1] 223 So.2d 713 (Fla. 1969).) In the present case, moreover, it is undisputed that the automobile insurance policy issued by the defendant to the judgment debtor does not contain a so-called "public liability" clause which might, under some circumstances, "inure to the benefit of injured [third] persons." Couch, supra.

 Plaintiffs urge that the Court adopt, as several other jurisdictions have, the third party beneficiary analysis of the Restatement (Second) of Contracts §§ 302–315 (1981) as the basis for a direct action against the insurer of a judgment debtor. However, even if such a cause of action were to be recognized, the rights of any third-party beneficiary are merely coextensive with and "limited by the terms of the [underlying] promise." 2 Williston On Contracts (3rd ed.) § 807 (1959). In other words, the "rights of the judgment creditor of the insured are no greater than those of the insured, in whose shoes

---

[1] "The Court in that case relied on a Florida Rule of Court, which, inter alia, provided that 'any person may be made of defendant who has or claims an interest adverse to the plaintiff.' . . . No comparable provision appears in the federal 'real party in interest' rule. Consequently it cannot support a similarly broad interpretation." Singh v. August, supra at 392.

he stands." Fidelity Casualty Company of New York v. McConnaughy, 179 A.2d 117, 120 (Md. 1962). Hence, the injured third party who seeks recovery against an insurer under a third party promise theory must establish that the insured had fully performed its own obligations under the insurance policy.

In the case at bar, it is undisputed that the insureds failed in every respect to comply with paragraph 3 of the insurance policy issued by defendant. That provision reads in pertinent part as follows:

> [I]f claim is made or suit brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or representative. . . .

Supplemental Memorandum of Defendant. Inasmuch as the insureds, into whose "shoes" the present plaintiffs wish to step, neglected to notify defendant of the pendency of any claim or suit against them or even of the existence of the underlying accident, it is unlikely that defendant would have been required to perform its obligations under the policy. Where "[n]o reason for the delay in [or absence of] notification appears, other than indifference or hostility of the insured to the accident and to [the injured party's] claim" the terms of policy have been breached, and thus any attempt by a third party to enforce the promise must fail. Lewis v. The Home Insurance Company, 314 A.2d 924, 926 (Del. Super. 1973). While it is true, that an insurer may, in some instances, be estopped from asserting a breach of the notice or the cooperation provisions, plaintiff must first establish that the insurer had actual knowledge of the underlying claim. Concepcion v. Fireman's Insurance Company, 1976 St. X. Supp. 714, 718–719 (D.V.I. Dec. 18, 1976) (Summary judgment for defendant insurer in action by judgment creditor denied where material facts existed as to defendant's knowledge of accident and pendency of underlying action). Even those courts which have, in the absence of a direct action statute, recognized the cause of action which the present plaintiffs hope to assert, have done so on the assumption that "due notice of the injured party's claim has been given [the] insurer and it has had the opportunity to investigate the same." Shingleton v. Bussey, supra, 223 So.2d at 716. Accordingly, we hold that where the insurer has no knowledge whatsoever of the underlying accident claim against its insured, it may not subsequently be held liable to the injured party on a third party beneficiary theory. Because the record in the present case clearly demonstrates that plaintiffs could not under any circumstances make the

318

requisite showing of knowledge on the part of the defendant, their complaint must be dismissed for failure to state a cognizable legal claim.[2]

For all the foregoing reasons, the motion of defendant to dismiss the complaint will be granted.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the complaint in the above captioned action, be, and the same is hereby, DISMISSED WITH PREJUDICE.

---

[2] Plaintiffs also point to the Virgin Islands Compulsory Automobile Liability Insurance Act, 20 V.I.C. §§ 701–716 as a basis for their claim. Although the statute does require that all operators of motor vehicles carry minimum insurance coverage, nothing therein can be read as authorizing a direct cause of action against an insurance carrier based on the failure of its insured to respond to the claim of an injured third party or to otherwise comply with its obligations under the insurance policy. See, e.g., Lewis v. The Home Insurance Company, supra at 927.