FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKY N. BASER,

        Plaintiff - Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant - Appellee.

No. 13-5036
(D.C. No. 4:12-CV-00315-GKF-TLW)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Ricky N. Baser brought this declaratory judgment action against State Farm

Mutual Automobile Insurance Company, seeking to establish the availability of

coverage for Silas Jones, who is insured by State Farm but not a party to this suit.

Mr. Baser was injured in a car accident with Mr. Jones and is suing him in Oklahoma

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

state court.  Significantly, Mr. Baser has not yet obtained a judgment against Mr. Jones and is not party to Mr. Jones's insurance contract with State Farm.  In this suit, Mr. Baser alleges that State Farm has tendered the limits of Mr. Jones's primary coverage but that State Farm disputes that it should now pay more.  According to the Complaint, State Farm believes that Mr. Baser's own underinsured motorist (UM) policy (with a different insurer) should next fulfill any potential judgment, rather than Mr. Jones's secondary umbrella policy with State Farm.

On State Farm's motion, the district court dismissed Mr. Baser's claim under Federal Rule of Civil Procedure 12(b)(6) for want of an actual controversy.  To grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), there must be an "actual controversy" that is justiciable under Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).  But here, the court ruled, Article III's requirements were not satisfied, as is generally true in cases where a non-party to an insurance contract attempts to bring a direct action against an insurance company:

> "With respect to the obligation to pay any judgment, the same is not yet in existence, may never be in existence and in any event such obligation is between the insured and the Defendant.  The only way Plaintiff, once possessed of the judgment, can come at the Defendant is indirectly on the basis of a right of the insured against its insurer through the device of garnishment.  The only parties between whom an actual controversy presently exists with respect to eventual liability to Plaintiff are the Defendant and its insured.  The best that can be said on this point is that Plaintiff's claim is potential and contingent."

Aplt. App., Tab 6 at 3 (quoting *Cross v. Occidental Fire & Casualty Co.*, 347 F. Supp. 342, 343-44 (W.D. Okla. 1972)). Put another way, the court recognized that a plaintiff in Mr. Baser's position "'has no legally cognizable or protectable interest in the controversy and he will not have one unless and until he should succeed in the negligence action, for it is only at that point that [the insurance company] may have a legal obligation to pay.'" *Id.* (quoting *Knight ex rel. Ellis v. Miller*, 195 P.3d 372, 375 (Okla. 2008)).

We review de novo the district court's dismissal under Rule 12(b)(6), *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013), and agree that Mr. Baser has failed to allege an actual controversy between himself and State Farm. Mr. Baser simply seeks a hypothetical determination that Mr. Jones's umbrella policy would be triggered *if* he prevails in the pending state action and *if* he is awarded damages in excess of Mr. Jones's primary coverage. But hypothetical disagreements about the law are not enough to invoke the jurisdiction of federal courts. *See Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) ("It is not the role of federal courts to resolve abstract issues of law."). Rather, we require "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (emphasis and quotation omitted); *see id.* (requiring a "'substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment'" (quoting

- 3 -

*MedImmune, Inc.*, 549 U.S. at 127)).  Mr. Baser fails to allege an actual controversy because this direct action against State Farm is predicated entirely upon such hypothetical facts.  *See Gray v. N.M. Military Inst.*, 249 F.2d 28, 30 (10th Cir. 1957) (holding that before a tort-claimant can establish the liability of an insurer for a tort, he must first establish the tort:  "The most that can be said is that, as between the Insurer and the tort-claimant, there exists the makings of a potential controversy in the future.").

Mr. Baser cites *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), as authority for allowing an injured non-party to an insurance contract to seek declaratory relief without a judgment on the underlying tort claims.  But *Maryland* allowed no such thing; rather, in *Maryland*, an insurance company filed a declaratory judgment action seeking a determination that it was not liable to defend or indemnify its own insured for a car accident involving another person, who the company joined in the lawsuit.  *Id.* at 272.  In that case, the Court concluded there was an actual controversy between the insurance company and the injured person, but only because the injured person would not be bound by a judgment of non-coverage and could seek to relitigate the issue in state court if he were not made a party.  *See id.* at 274.  While these are "good reason[s] for permitting the joinder of persons in Plaintiff's position by an insurer seeking declaratory relief," *Cross*, 347 F. Supp. at 344, none of them are present in a case like this, in which the injured person sues the insurance company for a determination of liability.  Indeed, absent a statutory

directive, we are unaware of any case in which a court found that an actual controversy existed under analogous facts.

Mr. Baser also argues that his case is not like other direct actions involving non-parties to an insurance contract. Quoting *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988), Mr. Baser seems to contend that because the liability he seeks to impose could not be imposed against Mr. Jones, his action is not a direct action. Aplt. Br. at 6. We disagree. Unlike the plaintiffs in *Tuck*, we believe Mr. Baser is "seeking to impose liability on [State Farm] for the negligence of [its insured]." 859 F.2d at 847. The only unique thing here is that Mr. Jones's negligence and any resulting damages have yet to be determined. Accordingly, the alleged controversy between Mr. Baser and State Farm is far from "definite and concrete." *MedImmune, Inc.*, 549 U.S. at 127 (internal quotation marks omitted).

We have evaluated the balance of Mr. Baser's arguments, as well as the relevant legal authorities, the record on appeal, and the parties' appellate materials, and we agree with the district court's concise and accurate analysis dismissing this case for lack of an actual controversy. We therefore affirm for substantially the same reasons stated in the district court's order dated March 6, 2013. We deny Mr. Baser's motion to certify questions to the Oklahoma Supreme Court.

Entered for the Court


Gregory A. Phillips
Circuit Judge