**LAVERNE R. ISAAC, Plaintiff**
v.
**GUARDIAN INSURANCE COMPANY and FITZROY SMITH,
Defendants**

Case No. ST-16-CV-120
Superior Court of the Virgin Islands
Division of St. Thomas and St. John
October 12, 2016

137

NAMOSHA BOYKIN, ESQ., The Law Offices of Pedro K. Williams, St. Thomas, USVI, *For LaVerne Isaac, Plaintiff.*

MARK D. HODGE, ESQ., Hodge & Hodge, St. Thomas, USVI, *For Guardian Insurance Company, Inc. and Fitzroy Smith, Defendants.*

DUNSTON, *Judge*

## MEMORANDUM OPINION

### (October 12, 2016)

Pending before the Court is Defendant Guardian Insurance Company, Inc.'s May 2, 2016, Motion to Dismiss. Defendant's Motion to Dismiss will be granted in part because any implicit right of direct action conferred on an injured person against an insurer of a tortfeasor-insured by the Virgin Islands Compulsory Automobile Liability Insurance Act is conditioned upon the entry of a judgment against the tortfeasor-insured.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a Complaint filed on March 10, 2016, by Plaintiff LaVerne Isaac against Defendants Guardian Insurance Company, Inc.[1] ("Guardian") and Fitzroy Smith for damages arising from injuries allegedly sustained by Isaac on March 14, 2014.[2] Specifically, Isaac alleges that "Isaac was walking across the road on the marked crosswalk on Alton Adam[s] Drive in Sugar Estate" when "she was struck and knocked down" by a vehicle owned and operated by Smith, which caused Isaac to sustain serious injuries.[3] Isaac alleges that she filed a claim with Guardian, the insurer of Smith's vehicle, but Guardian and Smith have failed "to provide reasonable compensation to Isaac for her physical injuries, medical expenses, lost income or pain and suffering."[4] On May

---

[1] "Defendant Guardian Insurance Company, Inc. is incorrectly identified as 'Guardian Insurance Company' in Plaintiff's Complaint." Def.'s Mot. to Dismiss, p. 2 n.1.

[2] Compl. ¶¶ 5-6.

[3] Compl. ¶ 7.

[4] Compl. ¶¶ 17-19, 24-25.

2, 2016, Guardian filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6). On May 20, 2016, Isaac filed a timely Opposition, to which Guardian filed a timely Reply on May 31, 2016.[5] Smith filed an Answer to the Complaint on July 5, 2016.

## STANDARD

 Under FED. R. CIV. P. 12(b)(6), a defendant may test the sufficiency of the pleadings against preliminary defenses by seeking dismissal for the plaintiff's "failure to state a claim upon which relief can be granted."[6] The pleading requirements of FED. R. CIV. P. 8[7] "require a complaint to set forth a plausible claim for relief, thus allowing courts to dismiss, under Rule 12(b)(6), complaints that fail to meet that standard."[8] According to the three-pronged analysis employed by the Supreme Court of the Virgin Islands in reviewing motions to dismiss based on Rule 12(b)(6):

> First, the court must take note of the elements a plaintiff must plead to state a claim so that the court is aware of each item the plaintiff must sufficiently plead. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. These conclusions can take the form of either legal conclusions couched as factual allegations or naked [factual] asser-

---

[5] *See* May 10, 2016, Order (directing Plaintiff to respond to Guardian's Motion to Dismiss by May 23, 2016, and Guardian to reply by May 31, 2016).

[6] The Supreme Court of the Virgin Islands applies FED. R. CIV. P. 12(b)(6) when considering motions to dismiss for failure to state a claim upon which relief can be granted and evaluates the sufficiency of the challenged complaints in relation to the pleading requirements of FED. R. CIV. P. 8 and principles espoused by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Fleming v. Cruz*, 62 V.I. 702, 710-711,713-714 (V.I. 2015) and *Joseph v. Bureau of Corrections*, 54 V.I. 644, 649-650 (V.I. 2011). As a result, FED. R. CIV. P. 12(b)(6) and 8 are applicable to these proceedings by way of this precedent or alternatively as a last resort through SUPER. CT. R. 7. *See Vanterpool v. Gov't of the Virgin Islands*, 63 V.I. 563, 576 (V.I. 2015) (citing *Sweeney v. Ombres*, 60 V.I. 438, 442 (V.I. 2014)).

[7] *Id.*

[8] *Joseph*, 54 V.I. at 649 (citing *Robles v. HOVENSA, L.L.C.*, 49 V.I. 491, 499 (V.I. 2008)) (other citations omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. 555).

tions devoid of further factual enhancement. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. If there are sufficient remaining facts that the court can draw a reasonable inference that the defendant is liable based on the elements noted in the first step, then the claim is plausible.[9]

The Virgin Islands Supreme Court has further instructed that "[t]he plausibility determination is a 'context-based' determination which should be guided by the court's 'judicial experience and common sense.' "[10] "Plausibility requires that the plaintiff allege facts that are more than simply 'consistent with a defendant's liability' and must permit the court to infer more than the mere possibility of misconduct."[11]

■ "A motion to dismiss a complaint should be denied if the factual allegations are 'enough to raise a right to relief above the speculative level' "[12] and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[13] Only after satisfying this multi-step analysis can a party survive a motion to dismiss under Rule 12(b)(6).

## ANALYSIS

Guardian moves to dismiss this action with prejudice because Isaac "cannot sue Guardian directly" since at common law "there is no 'privity' between the injured person and the tortfeasor's liability insurer" and "the Virgin Islands does not authorize direct action by a third party claimant against the insurer of an alleged tortfeasor."[14] In opposition, Isaac argues that the Virgin Islands Legislature "remove[d] the privity requirement that often shielded insurers at common law" when it enacted 20 V.I.C.

---

[9] *Fleming*, 62 V.I. at 713-714 (citing *Pollara v. Chateau St. Croix, LLC*, 58 V.I. 455, 471 (V.I. 2013) (other citations omitted).

[10] *Joseph*, 54 V.I. at 650 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679)).

[11] *Id.* (citing *Fowler*, 578 F.3d at 211) (quoting *Iqbal*, 556 U.S. at 678)).

[12] *Peters v. V.I. Water & Power Auth.*, 58 V.I. 49, 54 (V.I. Super. Ct. 2013) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)); *see also Twombly*, 550 U.S. at 555 & n.3.

[13] *Twombly*, 550 U.S. at 555.

[14] Def.'s Mot. to Dismiss, pp. 1-2.

§§ 703(b) and 704(c) in 1999.[15] In its Reply, Guardian contends that 20 V.I.C. § 704(c) only permits "the injured party to step[ ] into the shoes of the tortfeasor . . . [in order to] assert any right of the tortfeasor-insured against the insurance company[,]" but that this right does not exist until a judgment is entered against the tortfeasor-insured.[16]

▮▮ As noted by both parties, under the "general rule at common law, there is no privity between an injured person and the tortfeasor's liability insurer, and the injured person has no right of action at law against the insurer[.]"[17] However, "[t]he absence of privity is no bar to a direct action against a liability insurer where there is a statute or contract clause giving the injured person a direct-action right; while such statute or contract clause does not create privity, it . . . essentially . . . creates a separate cause of action by reason of the insurance contract."[18] Here, neither party suggests that Smith's insurance policy with Guardian confers on Isaac a right of direct action against Guardian. As a result, the Court will focus solely on whether the applicable provisions of the Virgin Islands Code authorize an injured person to proceed directly against an automobile

---

[15] Pl.'s Opp'n to Def.'s Mot. to Dismiss, pp. 2-3. *See* Aug. 17, 1999, Act No. 6287, § 24, Sess. L. 1999, pp. 49-52.

[16] Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss, pp. 1, 3.

[17] 44 AM. JUR. 2D *Insurance* § 1441, 736 (2013) (footnotes omitted); *see, e.g. Magras v. Puerto Rican Am. Ins. Co.*, 551 F. Supp. 427, 427-428, 19 V.I. 315 (D.V.I. 1982); *Cont'l Ins. Co. v. Moving*, 1983 V.I. LEXIS 85, at *6-8 (V.I. Terr. Ct. June 16, 1983) (noting the general rule that "where there exists no privity between the injured party and the tortfeasor's liability insurer, the injured party has no right of action against the insurance company[,]" but concluding "that the absence of a direct action statute in the U.S. Virgin Islands does not preclude the plaintiff [insurer] from bringing . . . [an]interpleader action" under FED. R. CIV. P. 22) (citations omitted). The Court need not conduct the three factor analysis required by *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011) because the issue presented here involves the interpretation of a Virgin Islands statute. "[W]hen dealing with the interpretation of a Virgin Islands statute, courts must utilize the canons of statutory construction defined by this Court and the Virgin Islands Code in order to determine the intent of the Legislature — which must control over any common-law authority that would be the focus of a *Banks* analysis." *In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (citing *Bryan v. Fawkes*, 61 V.I. 201, 212 (V.I. 2014)).

[18] 7A STEVEN PUTT, DANIEL MALDONADO, JOSHUA D. ROGERS, & JORDAN R. PLITT, COUCH ON INSURANCE 3D § 104:7 (2015) (footnotes omitted); *See* AM. JUR. 2D, *supra* n. 17, at 737 (footnotes omitted); *Magras*, 551 F. Supp. at 428 ("The general rule is that in the absence of an applicable statute or of a 'public liability' provision in the insurance policy, 'a person may not maintain a suit against the insurer to recover a judgment rendered against the insured . . . .' ") (citations omitted).

liability insurer and, if so, whether the injured person is statutorily required to satisfy any conditions precedent before exercising his or her right to bring a direct action against the insurer.[19]

██ ██ As the Supreme Court of the Virgin Islands has explained, the Virgin Islands Compulsory Automobile Liability Insurance Act (the "Act"), set forth in 20 V.I.C. § 701 *et seq.*, "requires an owner of a motor vehicle to purchase a policy of liability insurance in specified amounts as a prerequisite to registering a motor vehicle in this Territory."[20] 20 V.I.C. § 703 provides, in pertinent part:

> An owner's policy of liability insurance, hereinafter referred to as the "motor vehicle liability policy":
>
> . . .
>
> (b) shall insure the person named therein and any other person, as an insured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicle or vehicles in the Virgin Islands, subject to minimum coverage, exclusive of interest and costs, with respect to each vehicle . . .
>
> . . .

Section 703 functions as a "statutory omnibus clause [that] supersedes and invalidates any conflicting policy provision."[21]

 Here, it is alleged that Smith was the owner and operator of the vehicle at the time of the accident and therefore the insurance contract between Guardian and Smith "is a compulsory liability policy to the extent of the mandatory minimum liability coverage set forth in . . .

---

[19] *See* AM. JUR. 2D, *supra* n.17, at 737 (footnotes omitted).

[20] *Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820, 824 (V.I. 2013) (citing 20 V.I.C. § 701).

[21] *Id.* at 824-825 (citing 20 V.I.C. § 701 *et seq.* (requiring all liability insurance policies issued in this Territory to comply with the requirements of the Compulsory Automobile Liability Insurance Act) and 20 V.I.C. § 704(c)(3) ("The policy, the written application therefor, if any, and any rider or endorsement *which does not conflict with the provisions of this Chapter* shall constitute the entire contract between the parties")) (emphasis added) (other citations omitted).

[S]ection 703"[22] and the other minimum requirements under the Act.[23] In addition to Section 703, the mandates set forth in 20 V.I.C. § 704 are also relevant here. Section 704 states, in pertinent part:

> (c) The motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:
>
> . . .
>
> (2) The satisfaction by the insured of a judgment for such injury or damage shall not be a condition precedent to the right or duty of the insurance carrier to make payment on account of such injury or damage.
>
> . . .

Applying the rules of statutory interpretation to the aforementioned provisions and the statutory scheme of the Act as a whole,[24] the Court concludes that the Virgin Islands Code does not authorize a direct action by an injured party against the automobile liability insurer of an alleged tortfeasor-insured prior to the entry of a judgment against the tortfeasor-insured.

██ ██ The plain language of Section 703(b) explicitly provides that a compulsory liability policy under the Act must provide coverage to the insured for "loss from the liability imposed by law for damages." It is

---

[22] *Id.* at 825-826.

[23] 20 V.I.C. § 702 ("For the purposes of this chapter, a satisfactory policy of liability insurance means a policy issued by an insurance carrier admitted and duly authorized to transact business in the Virgin Islands, to or for the benefit of the person named therein as insured, which policy conforms to the further requirements of this chapter").

[24] Statutory interpretation is governed by the "Rules of Construction." 1 V.I.C. §§ 41-52. The Supreme Court of the Virgin Islands has described the standard for statutory interpretation, as follows:

> The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed. In analyzing a statutory scheme, we must give effect to every provision, making sure to avoid interpreting any provision in a manner that would render it — or another provision — wholly superfluous and without an independent meaning or function of its own. But even where a statutory scheme is plain and internally consistent, no statute should be read literally if such a reading is contrary to its objective [and] this Court must consider whether applying the statute's literal language leads to . . . absurd consequences or is otherwise inconsistent with the Legislature's intent.

*In re L.O.F.*, 62 V.I. at 661 (internal and other citations omitted).

axiomatic that a judgment establishes the legal liability of a tortfeasor-insured to the injured party as a result of an accident.[25] Additionally, "[t]he phrase 'liability imposed by law,' when used in automobile liability policies, is ordinarily construed to mean 'liability imposed in a definite sum by a final judgment against the insured.' "[26] Thus, a plain language reading of Section 703(b) clearly and unambiguously denotes that a compulsory liability policy in the Virgin Islands must cover losses for which a judgment conclusively establishes the tortfeasor-insured is liable.

██ ██ Isaac argues that the Act confers on injured parties a right of direct action against the insurer of an alleged tortfeasor-insured because Section 704(c)(2) explicitly references "the right or duty of the insurance carrier to make payment on account of such injury or damage." However, Isaac's interpretation fails to consider the provision as a whole, which states "[t]he satisfaction by the insured of a *judgment* for such injury or damage shall not be a condition precedent to the right or duty of the insurance carrier to make payment . . . ."[27] By explicitly stating "judgment for such injury or damage," the reference of Section 704(c)(2)

---

[25] *See Swain v. Nationwide Mut. Ins. Co.*, 253 N.C. 120, 127, 116 S.E.2d 482 (1960); *Petersen v. Elton Malone & Fireman's Fund Ins.*, 14 V.I. 266, 270 (V.I. Terr. Ct. 1977) ("The judgment is the predicate of liability under the contract") (citations omitted); *see also Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 615 (V.I. 2012) ("Although neither the Superior Court Rules nor the Virgin Islands Code define the term 'judgment,' Black's Law Dictionary defines it as '[a] court's final determination of the rights and obligations of the parties in a case' or, in the alternative, 'any order from which an appeal lies' ") (citing BLACK'S LAW DICTIONARY 918 (9th ed. 2009)) (emphasis omitted).

[26] *Daigle v. Hamilton*, 1989 OK 137, 782 P.2d 1379, 1383 (1989) (citing *White v. Goodville Mut. Casualty Co.*, 226 Kan, 191, 195, 596 P.2d 1229 (1979) (citing 25 Words and Phrases 92)); *see John Beaudette, Inc. v. Sentry Ins.*, 94 F. Supp. 2d 77, 103-04 (D. Mass. 1999) ("[L]anguage in policy insuring against 'liability imposed by law' requires final judgment") (citing 8 JOHN ALAN APPLEMAN, INSURANCE LAW AND PRACTICE § 4851 (1981)). "[T]he Virgin Islands Legislature has instructed that '[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language,' but that '[t]echnical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to their peculiar and appropriate meaning.' " *Defoe v. Phillip*, 56 V.I. 109, 121 (V.I. 2012) (citing 1 V.I.C. § 42).

[27] 20 V.I.C. § 704(c)(2) (emphasis added). "[W]hen construing a statute, it is inappropriate to single out specific words and ignore the remaining language. Rather, each word must be given a reasonable construction and the entire statute read as a whole." *Davis v. American Youth Soccer Organization*, 64 V.I. 37, 48 (V.I. Super. Ct. 2016) (citing *Corraspe v. People*, 53 V.I. 470, 482 (V.I. 2010)).

to the insurer's "duty or right to make payment" is made in the context of judgment having already been rendered against the tortfeasor-insured for the loss. This interpretation is consistent with this provision's prohibition against a "condition precedent" to the insurer's payment of covered losses, which addresses the obligations of the tortfeasor-insured and the insurer in discharging a judgment already rendered against the tortfeasor-insured. The meaning of a "condition precedent" in the context of a contract, such as one for insurance, is "an event . . . which must occur . . . before performance under a contract becomes due."[28] Applying this particular meaning here, the plain language of Section 704(c)(2) clearly denotes that an insurer under a compulsory liability policy cannot require the tortfeasor-insured to first pay the judgment out of his or her own pocket before the insurer will make payment of covered losses. This interpretation is also consistent with the Court's construction that Section 703(b) requires coverage of losses for which a judgment establishes the tortfeasor-insured is liable.

 Construing Section 704(c)(2) and Section 703(b) together, these provisions indicate that the insurer's duty to make payment for losses covered under a compulsory liability policy arises upon the entry of a judgment against the tortfeasor-insured that establishes the tortfeasor-insured is liable for the loss. This interpretation aligns with the Virgin Islands statutory scheme governing the general requirements of insurers, set forth in Chapter 9, Title 22 of the Virgin Islands Code, in that Section 228(b) contemplates the payment of claims by insurers "when insureds are required to secure judgments in order to recover payment"[29] by providing that statutory interest accrues "from the date of loss to the date of judgment . . . [i]n cases where suit is brought by insured to recover the payment due under the policy . . . ."[30]

---

[28] RESTATEMENT (SECOND) OF CONTRACTS § 224; *Bank of N.S. v. Herman*, 2016 V.I. LEXIS 65, at *12 n.14 (V.I. Super. Ct. May 13, 2016) (conducting a *Banks* analysis with respect to the definition of a condition precedent in a contract and adopting the definition in RESTATEMENT (SECOND) OF CONTRACTS § 224 as the soundest rule for the Virgin Islands) (citations omitted).

[29] *Desvi, Inc. v. Cont'l Ins. Co.*, 968 F.2d 307, 309, 27 V.I. 408 (3d Cir. V.I. 1992) ("The plain meaning of . . . [22 V.I.C. § 228(b)] . . . is that interest is mandated on claims only when insureds are required to secure judgments in order to recover payment").

[30] 22 V.I.C. § 228(b).

■ Title 22 of the Virgin Islands Code covers in meticulous detail the general requirements of insurance in the Territory, but contains no statutory language regarding a third party claimant's right of direct action against an insurer, nor does any statutory language in the Act explicitly confer such a right on an injured person against the insurer of an alleged tortfeasor-insured. Typically, "the right to a direct action does not flow from a statute requiring compulsory insurance without explicit creation of direct-action rights."[31] However, the Supreme Court of the Virgin Islands "has repeatedly held that statutes which are silent as to who has standing to bring suit should be broadly interpreted to confer standing."[32] In determining whether a statute implicitly authorizes a right of action, the Supreme Court of the Virgin Islands has followed "the 'common law tradition [that] . . . the denial of a remedy [is] the exception rather than the rule,' and that '[i]f a statute was enacted for the benefit of a special class, a remedy was recognized for members of that class.' "[33] This is because "[a] disregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied."[34]

■ Although the Act does not include a provision explicitly stating its purpose, it is well established that the purpose of compulsory automobile liability statutes is "not to protect the owner or operator against liability, but to provide compensation for persons injured by the operation of insured vehicles."[35] Statutory omnibus clauses, such as Section 703, generally have a remedial purpose "to help assure coverage for accident

---

[31] 7A COUCH ON INSURANCE 3D, *supra* n.18, § 104:18, at 104-45 (footnotes omitted).

[32] *Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 550 (V.I. 2015) (collecting cases); *but see Defoe*, 56 V.I. at 121 ("It is well established that 'a statute should not be considered in derogation of the common law unless it expressly so states or the result is imperatively required from the nature of the enactment' ") (citing *Bauers v. Heisel*, 361 F.2d 581, 587 (3d Cir. 1966)).

[33] *Rennie*, 62 V.I. at 548 (citing *Miller v. V.I. Horn. Auth.*, 46 V.I. 623, 627 (D.V.I. 2005).

[34] *Miller*, 46 V.I. at 627 (citations omitted).

[35] *Fields v. W. Preferred Cas. Co.*, 437 So. 2d 344, 346 (La. Ct. App. 1983) (citations omitted); *see Joseph*, 59 V.I. at 827 (concluding that the court's interpretation of the Virgin Islands' Compulsory Automobile Liability Insurance Act "is consistent with how courts in other jurisdictions with similar compulsory liability insurance statutes") (citing *Fields*, 437 So. 2d at 345)); 8 BLASHFIELD AUTOMOBILE LAW AND PRACTICE § 344:11, at 854-855 (4th ed. 2014).

victims."[36] Indeed, in construing Section 703(b), the Supreme Court of the Virgin Islands agreed with the Oklahoma Supreme Court's reasoning that a clause in an automobile liability insurance policy that excludes individuals covered under the statutory omnibus clause "has the effect of limiting the insurer's liability to an innocent victim who was not a party to the contract . . . [and is] violative of the public policy embodied."[37]

 Notably, the Supreme Court of the Virgin Islands has compared Section 703, the Virgin Islands' statutory omnibus clause, with Louisiana's statutory omnibus clause, LA. REV. STAT. ANN. § 32:900(B), because the provisions contain substantially similar language. In addition, Section 704(c)(2) and LA. REV. STAT. ANN. § 32:900(F)(2) also contain nearly identical language.[38] Since the Act was patterned after the Louisiana statute, the Louisiana Supreme Court's interpretation of these provisions are "highly persuasive."[39] Similar to the Oklahoma Supreme Court, the Louisiana Supreme Court has held that "[t]he purpose of the compulsory automobile liability insurance law is . . . to provide compensation for persons injured by the operation of insured vehicles."[40]

---

[36] 7 AM. JUR. 2D *Automobile Insurance* § 225 (2015) (footnotes omitted).

[37] *Joseph*, 59 V.I. at 828 (citing *Young v. Mid-Continent Casualty Co.*, 1987 OK 88, 743 P.2d 1084, 1085 (1987)).

[38] *Id.*; *compare* 20 V.I.C. § 704(c)(2) with LA. REV. STAT. ANN. § 32:900(F)(2) ("The satisfaction by the insured of a judgment for such injury or damage shall not be a condition precedent to the right or duty of the insurance carrier to make payment on account of such injury or damage").

[39] *Rennie*, 62 V.I. at 540 n.8 (citing *Chinnery v. People*, 55 V.I. 508, 533-34 (V.I. 2011)); *Boynes v. Trans. Servs. of St. John*, 60 V.I. 453, 466 n.11 (V.I. 2014) ("[W]here a Virgin Islands statute is patterned after a statute from another jurisdiction, the borrowed statute shall be construed to mean what the highest court from the borrowed statute's jurisdiction, prior to the Virgin Islands enactment, construed the statute to mean") (quoting *Rodriguez v. Bureau of Corr.*, 58 V.I. 367, 380 (V.I. 2013)); *Haynes v. Ottley*, 61 V.I. 547, 564-565 (V.I. 2014) ("[W]hen the Virgin Islands Legislature models a local statute after a statute adopted by another jurisdiction, 'judicial decisions interpreting [that] statute shall assist this Court in interpreting the same clause found in our local statute' ") (citing *People v. Pratt*, 50 V.I. 318, 322 (V.I. 2008)).

[40] *Marcus v. Hanover Ins. Co.*, 740 So. 2d 603, 606 (La. 1999) (citing *Adams v. Thomas*, 729 So. 2d 1041 (La. 1999)). Note, however, that unlike the Virgin Islands, Louisiana courts are subject to a general direct action statute, in which the Louisiana "legislature expressly announced . . . [the] state's public policy regarding liability insurance by stating that liability policies are issued 'for the benefit of all injured persons' and that it is the 'purpose of all liability policies to give protection and coverage to all insureds.' " *Id.* (citing LA. R.S. 22:655(D)) (other citation omitted).

Moreover, this same purpose has also been recognized by the Territorial Court as underlying compulsory automobile liability insurance laws.[41] Considering the well-recognized purpose of compulsory automobile liability insurance laws, the Court concludes that the Virgin Islands Legislature intended the Act to provide compensation for persons injured by the operation of insured vehicles and, thus, for the Act to benefit innocent third parties injured in motor vehicle accidents.[42]

 Because the Act was enacted to benefit persons injured by the operation of insured vehicles, the Court is bound by precedent of the Supreme Court of the Virgin Islands instructing that statutes, such as this, be broadly construed to confer a right of action.[43] The Court recognizes that many other United States jurisdictions permit a direct action against an insurer in instances where the policy of insurance is legislatively mandated.[44] However, as the Supreme Court of the Virgin Islands has pointed out, broad construction in favor of standing infers that, by adopting the statute, the Legislature intended to confer a right of action against the "violator of that statute."[45] The statutory language of Section 703(b) and Section 704(c)(2) unambiguously condition the insurer's

---

[41] *Krind v. Barlow*, 44 V.I. 293, 298 (V.I. Terr. Ct. 2002) ("The primary purpose of compulsory motor vehicle liability insurance laws is to compensate innocent victims who have been injured by the negligence of financially irresponsible motorists") (citing *Government of the Virgin Islands v. Cover*, 16 V.I. 321, 326 (Terr. Ct. 1979)).

[42] *Haynes*, 61 V.I. at 566-567 ("[T]he Virgin Islands Legislature, when enacting a new law, is deemed to have knowledge of existing law . . . . Thus, it is presumed to intend for the new law to operate in harmony with existing statutes and common law") (citing *Cascen v. People*, 60 V.I. 392, 404-05 (V.I. 2014)) (internal and other citations omitted).

[43] *See Rennie*, 62 V.I. at 550. Some courts have concluded that the right of direct action is a "remedy." 7A COUCH ON INSURANCE 3D, *supra* n.18, § 104:51, at 104-91 (footnotes omitted).

[44] *See In re Dow Corning Corp.*, 198 B.R. 214, 239 n.18 (CD. Mich. 1996) (explaining that Michigan regards injured persons to be third-party beneficiaries of compulsory liability insurance, such as automobile insurance); *Crisp Reg'l Hosp., Inc. v. Oliver*, 275 Ga. App. 578, 583, 621 S.E.2d 554 (2005) ("[W]ith the exception of certain instances where liability insurance coverage is legislatively mandated," tort claimants are generally not third-party beneficiaries of liability insurance policies); *Ratcliff v. National County Mut. Fire Ins. Co.*, 735 S.W.2d 955, 957 (Tex. App. Dallas 1987) ("This compulsory insurance requirement implies that any person injured in a motor vehicle accident by an insured under a liability policy is a legal beneficiary of the policy and may sue the insurer on the policy contract for damages covered by the policy") (citations omitted); *Westchester Fire Ins. Co. v. Mendez*, 2010 U.S. Dist. LEXIS 66273, at **13-14 (D. Nev. July 1, 2010) (collecting cases).

[45] *Rennie*, 62 V.I. at 548 (quoting *Miller*, 46 V.I. at 628).

obligation to make payment of covered losses on a judgment first having been entered against the tortfeasor-insured. Therefore, the insurer of a tortfeasor-insured will not have violated the Act unless and until a judgment is rendered against the tortfeasor-insured. These provisions evince a legislative intent for the entry of a judgment against the insurer of a tortfeasor-insured to function as a condition precedent to any implicit right of an injured person to proceed directly against the insurer of the tortfeasor-insured.

■ Here, even when broadly construing the Act as implicitly conferring a right of direct action in favor of Isaac, the Complaint fails to state a claim upon which relief can be granted against Guardian because Isaac's action against Guardian is premature. This matter has yet to progress past the pleadings stage of litigation and a judgment has obviously not been entered against Smith. As a result, the Act does not authorize Isaac to proceed directly against Guardian at this time. Consequently, Guardian's Motion to Dismiss will be granted in part, and Isaac's Complaint as to Guardian must be dismissed without prejudice.

An Order consistent with this Memorandum Opinion shall follow.